Helen Soter, Plaintiff-Appellant, v. Basil Christofora-
cos, Alias Hristos Cokinis, and Phillip S. Makin,
Alias Phillip S. Marinacos, and John C. Gekas,
Defendants-Appellees.

Gen. No. 49,384.

First District, Fourth Division.

October 28, 1964.

Peter S. Sarelas, of Chicago, for appellant.

John C. Gekas, of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion
of the court.

This is an appeal from a summary judgment en-
tered in the then Superior Court of Cook County in
a suit brought by Helen Soter against Basil Chris-
toforacos, alias Hristos Cokinis; Phillip S. Makin,
alias Phillip S. Marinacos; and John C. Gekas, here-
after referred to as the defendants.

The plaintiff originally filed a complaint with a
jury demand. The complaint was stricken and leave
given to the plaintiff to amend. A second amended
complaint in two counts was filed September 1, 1961.

The defendants moved to dismiss the second amended complaint on the ground that the complaint did not state a cause of action, and that the pleadings referred to in the complaint were privileged.

The plaintiff filed an answer to the motion to dismiss, and the defendants thereupon filed an amended motion on July 18, 1962. In that motion they asked that the court strike the plaintiff's complaint and dismiss her suit, or enter a judgment against her on the pleadings, and in the alternative, asked that the court enter a summary judgment against the plaintiff. The plaintiff filed objections to the amended motion on August 6, 1962, and prayed that it be stricken and denied; that an order of default be entered against the defendant and that the matter be set down for a proveup before a jury. On October 9, 1962, the court entered the following order:

"This cause coming on to be heard upon Motion of the Defendants to dismiss Plaintiff's action, because the Complaint does not state a cause of action, or in the alternative for a judgment on the pleadings, or in the alternative for a summary judgment in favor of the Defendants and against the Plaintiff; and the Court having considered the Plaintiff's Complaint and the Motions of the Defendants, and having considered their oral statements of fact and statements of fact in their briefs, and having considered the briefs of the parties, and after arguments of counsel, and the Court being fully advised in the premises;

"IT IS HEREBY ORDERED that the Motions of the Defendants for summary judgment be and the same is hereby sustained, and that a summary judgment be and it is hereby entered in behalf of the Defendants and against the Plaintiff; and it

134

is hereby ordered, adjudged and decreed that the Plaintiff's suit be and it is hereby dismissed at Plaintiff's cost.

"IT IS FURTHER ORDERED that the oral motion of the Plaintiff for leave to amend his Complaint be and the same is hereby denied.

"IT IS FURTHER ORDERED that the plaintiff go hence without day and take nothing by this suit.

"To the entry of the foregoing order the plaintiff objects."

On December 11, 1962, the court entered an order denying plaintiff's motion for rehearing and to reconsider and vacate the judgment order of October 9, 1962, and denying the alternative motion for leave to file an amended complaint.

On February 9, 1963, the plaintiff filed a notice of appeal to the Supreme Court of Illinois. In her brief the plaintiff alleged that the appeal must be taken directly to the Supreme Court because constitutional questions were involved. The Illinois Supreme Court transferred the appeal to this court.

The first question raised by the plaintiff is that the trial court had no jurisdiction to enter the summary judgment against the plaintiff on October 9, since the plaintiff had on October 3 filed a petition for a change of venue from the trial judge and various other judges on the ground that those judges were prejudiced against the plaintiff, and "that said prejudice first came to the knowledge of the petitioner within less than ten days before making, filing and presenting this Petition."

In the plaintiff's brief which was filed in the Supreme Court and which is before us on the transfer to this court, the plaintiff has set out Points and Au-

thorities,—among others, VI, VI–A, VI–B, VI–C, VI–D and VI–E, all dealing with the alleged error of the trial court in denying the plaintiff's petition for a change of venue. In her argument the plaintiff argues seriatim all the points raised until she comes to the question of the change of venue and then, instead of arguing, she repeats in substance the points verbatim and cites authorities previously set out, eliminating any argument whatsoever.

Present Supreme Court rule 39 deals with briefs and provides that the appellant's brief shall contain the following divisions in the order named: I. Nature of the Case; II. Points and Authorities; III. Statement of Facts; IV. Argument. The rule states that the points and authorities shall consist of the propositions relied upon in support of the appeal with citation of authorities. Subsection IV states:

> "The Argument shall be limited to the points made and cases cited in the Points and Authorities, and in the sequence in which the points are made. A point made but not argued may be considered waived. Citation of authorities in the Argument shall be made in the same style as in Points and Authorities. . . ."

This same rule, as rule 39 of the Supreme Court, has been in existence for many years. Rule 7 of the Appellate Court was the same. Under the new Appellate Court rules, effective January 1, 1964, rule 39 of the Supreme Court is adopted as a rule of the Appellate Court.

In People v. Boyer, 297 Ill App 638, 17 NE2d 342 (Abst), the court said:

> ". . . the points made are not argued, and no statement is made showing wherein the authorities and the propositions cited are applicable to this record."

136

Rule 7 is cited and the court held that the point made but not argued was waived.

In Reichelt v. Anderson, 222 Ill App 176, the court said:

". . . It is an elementary rule of appellate practice that an appellant may not make a point by merely stating it, without presenting any arguments or reasons in support of it and this court will not search through the record for possible errors on which a judgment may be reversed. Such errors, if any there are, must be specifically pointed out and reasons for the contention that the rulings in question were error must be presented and, if they are not, this court will not consider them."

And in Sellers v. Puritan Product Co., 217 Ill App 617, the court said:

". . . All errors assigned and not argued in the brief filed are waived. (Harvester Co. v. Industrial Board, 282 Ill 489, 492.) There is no point in stating alleged errors in a brief that are not to be argued and relied upon, unless it be to show a disregard for the rule of court or to increase the compensation of the printer of such a brief."

■■ That this rule be strictly enforced in this court is essential because of the greatly increased business of the court under the amended judicial article to the Constitution. Since the plaintiff has not argued the points raised they are waived and any objection by her to the order of the trial court refusing to allow a change of venue will not be considered.

The pleading is, to say the least, obscure. However, it would appear that the action is essentially one of libel. The plaintiff alleges that she was the plaintiff in two suits filed in the Superior Court of Cook County; that none of the defendants were parties to those

suits; and that the plaintiff was not a party to a lawsuit pending in the Illinois Appellate Court [Sarelas v. Makin, 32 Ill App2d 339, 177 NE2d 867 (Abst)]; that in the latter suit the defendants, with intent to harm, injure and intimidate the plaintiff, filed a certain document in which it was stated:

> ". . . that everyone of the causes of action filed by the said Peter S. Sarelas are his own fabrications, are unfounded in fact and in justice and, as your petitioner is informed by his counsel and other reputable members of the Bar, are unfounded in law and in equity; that the above mentioned lawsuits are listed in Exhibit 'A' hereto attached and made a part hereof."

In Exhibit "A" the two suits of the plaintiff are referred to by name. It appears that the documents were filed by the defendants or their attorneys in pending suits brought by Sarelas, one of which was Sarelas v. Makin, supra.

In Sarelas v. Alexander, 37 Ill App2d 436, 186 NE 2d 63 (Abst), the plaintiff accused the defendants of libeling the plaintiff by circulating a document containing false and libelous statements. In that case the court said:

> "The principal question before us is whether the documents filed in another court proceeding gave rise to a cause of action for libel and for damages from an alleged conspiracy of the defendants to defame the plaintiff."

In that case, as in this, the plaintiff contended that the charges in the complaint were fact questions, to be determined only by a jury. The court said:

> ". . . Whether statements contained in documents or pleadings filed in the course of judicial pro-

ceedings are privileged, and not subject to a libelous and defamatory action, would depend upon whether the matter was pertinent or relevant to the cause. This is never left to the jury, but is a question of law for the court. See Sarelas v. Makin, 32 Ill App2d 339. In Harrell v. Summers, 32 Ill App2d 358, an action was instituted, based on an alleged libel contained in a petition for commitment. A motion for summary judgment was granted, and on appeal, the Fourth District affirmed, stating:

" 'It has long been the recognized rule of law that whatever is said or written in a legal proceeding which is pertinent and material to the matters in controversy, is privileged, and no action of slander or libel can be maintained thereon. The defamatory words must, necessarily, however be connected with or relative to the cause in hand or the subject of inquiry to be privileged, but all doubts are resolved in favor of relevancy or pertinency. Under the record before us it is apparent the *Trial Court properly found that these statements were privileged* and properly entered summary judgment in favor of defendants.' . . ."

In the suit brought by Sarelas against Alexander, the court held that the alleged defamatory matter was relevant and material to the prior case between the parties and that it was privileged.

In Sarelas v. Makin, et al., supra, this court stated:

". . . The complaint alleged essentially that Makin and Gekas conspired with and caused Christoforacos to make false and malicious answers to interrogatories propounded to him by plaintiff in a prior Circuit Court action, knowing that those answers were false and made only for the purpose

139

of defaming plaintiff and injuring his good reputation. The cause was heard on defendants' motions for involuntary dismissal, or for judgment on the pleadings or summary judgment. Plaintiff appealed directly to the Supreme Court which transferred the case to this court."

The court further said:

"That statements made in the course of judicial proceedings are privileged is beyond dispute. (Parker v. Kirkland, 298 Ill App 340; McDavitt v. Boyer, 169 Ill 475; Paccini v. Myers, 173 NYS 2d 181; Scott v. Statesville Plywood & Veneer Co., 81 SE2d 146, 240 NC 73; Burdette v. Argile, 94 Ill App 171; Maclaskey v. Mecartney, 324 Ill App 498.) This privilege is subject only to the requirement that the statements complained of must be relevant or pertinent to the matter in controversy, (Newell, Slander and Libel, 4th Ed § 382) or must be 'connected with or relevant or material to the cause in hand or subject of inquiry.' (53 CJS, Libel and Slander, § 104 p 170.) This privilege also includes counsel. (Parker v. Kirkland, 298 Ill App 340.) In the McDavitt case the Supreme Court of Illinois stated: 'No action for slander will lie against a witness for what he says or writes in giving evidence in a judicial proceeding, notwithstanding it may be malicious or false. The privilege, that exempts a witness from such action, is absolute. An action of slander will not lie for testimony given in a case, if such testimony is pertinent and material to the subject of inquiry.' (p 482.)

"In Ginsberg v. Black, 192 F2d 823, 825, the Court of Appeals for the Seventh Circuit pointed out that 'the matter need not be relevant in any strict

140

sense, Brown v. Shimabukuro, 73 App DC 194, 118 F2d 17, since the privilege embraces anything that may possibly be pertinent. Andrews v. Gardiner, 224 NY 440, 121 NE 341, 2 ALR 1371. The test is not—is it legally relevant? But—Does it have reference to the subject matter of the action? Bigelow v. Brumley, 138 Ohio St 574, 37 NE2d 584. And in determining whether or not the matter is pertinent, the courts generally follow a liberal rule of pertinency, and all reasonable doubt is resolved in favor of the pleader, 33 Am Jur § 150, p 146; Lisanby v. Illinois Cent. R. R. Co., 209 Ky 325, 272 SW 753, 755; and Sacks v. Stecker, 2 Cir, 60 F2d 73.' " ·

The court also again points out that the question of pertinency or relevancy is a question of law for the court.

In the instant case the plaintiff argues that even assuming there was a privilege it is nonexistent where it concerns a person who is not a party to the suit in which the alleged libelous statement was made. In Williams v. Williams, 169 Fed Supp 860, at p 861, the court said:

"This rule of law is followed generally in other jurisdictions, as is seen in the case of Vieira v. Meridity, 84 RI 299, 123 A2d 743, 744: 'We have examined the authorities and it is our opinion that in the public interest we should adopt the pertinent rule which prevails generally in this country, namely, that libelous matter in pleadings filed in judicial proceedings are absolutely privileged where the statements are material, pertinent or relevant to the issues therein; that it is immaterial that the allegations are false and malicious, Matthis v. Kennedy, 243 Minn 219, 67 NW2d 413; and that this *principle applies even*

141

*if the libelous statements refer to a person who is not a party to the suit. Young v. Young, 57 App DC 597, 18 F2d 807.* However, the alleged libelous matter must be found to be relevant to the proceeding in which it is uttered and the question whether such defamatory matter is relevant or material is a question of law to be decided only by the court. Ginsburg v. Black, 7 Cir, 192 F2d 823; 134 ALR 483, 485. See also CJS Libel and Slander § 104.'

"This court must, therefore, conclude as a matter of law that it has been shown to the satisfaction of this Court that the affidavit herein was relevant to the judicial proceeding in which it was filed, and as such, it is absolutely privileged and cannot serve as the basis for an action in defamation."

In the instant case the order of the court of October 9, entering a summary judgment in favor of the defendant, recited among other things that:

". . . the Court having considered the Plaintiff's Complaint and the Motions of the Defendants, and having considered their oral statements of fact and statements of fact in their briefs, and having considered the briefs of the parties, and after argument of counsel, and the Court being fully advised in the premises;"

Afterwards the court had presented to it a motion to reconsider and vacate the judgment. The court held a hearing on that motion and denied it. The court could not properly consider oral statements of fact unless they were stipulated to by both parties. There is no showing as to whether or not such was the case. However, from the entire record it is apparent that the court's ruling was proper.

142

Counsel for the plaintiff strenuously argues in his brief that the orders of the court were erroneous. The court entered a summary judgment under and by virtue of section 57 of the Illinois Civil Practice Act. Counsel in his brief strenuously objects to the validity of sections 45(5) and 48 of the Practice Act, neither of which was involved in the judgment entered in the trial court. He makes no point in his brief in regard to section 57 which was the basis of the trial court's judgment.* From time immemorial in civil cases a jury was never required to decide a question of law. That question was reserved for the decision of the court. A summary judgment procedure is but an extension of this well recognized rule.

In Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576, the court said:

"For many years we have held that the entry of summary judgment or decree is proper only where the issues involved are simple in nature and the legal consequences of those facts conclusive. (Ward v. Sampson, 391 Ill 585.) These decisions, however, were handed down under the provisions of a practice statute which then severely limited the classes of cases in which summary disposition could be made. The statute has since been amended to provide for the entry of summary judgment or decree in any proper case. (Ill Rev Stats 1957, chap 110, par 57.) We regard this as a salutory development. Summary judgment procedure is an important tool in the administration of justice. Its use in a proper case, wherein is presented no genuine issue as to any

_____

* Section 57, par 2, of the Civil Practice Act, provides that "A defendant may, at any time, move with or without supporting affidavits for a summary judgment or decree in his favor as to all or any part of the relief sought against him."

material fact, is to be encouraged. The benefits of summary judgment in a proper case inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials."

In the instant case there was no question of fact to be decided. The question to be determined was whether or not the alleged libelous publications, admittedly filed in legal proceedings, were covered by the rule of absolute privilege. The trial court held that they were, and we believe, properly so. The judgment of the then Superior Court of Cook County is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.