Constantine N. Avgerin, Plaintiff-Appellant, v. Basil Christoforacos, Alias Hristos Cokinis, Defendant-Appellee.

Gen. No. 50,605.

First District, First Division.

October 4, 1965.

Peter S. Sarelas, of Chicago, for appellant.

No brief filed for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff appeals from a judgment order based upon the pleadings dismissing his cause of action. Initially,

he filed the appeal in the Supreme Court which Court transferred the cause here because no substantial constitutional questions were involved.

The complaint charged defendant with "libel, defamation, malignant mischief and injury," alleging that said defendant never was a party or named in plaintiff's lawsuit in the superior court entitled Constantine Avgerin v. Spiros D. Soter; that plaintiff was never a party in a lawsuit on appeal in the Supreme Court entitled Sarelas v. Makin wherein defendant was one of the parties sued, and that in the latter suit defendant, with malicious intent to harm, injure, intimidate, etc., filed a "certain document." From the pleadings the "certain document" was a petition filed in said proceedings and in which it was stated:

> Your petitioner, upon reliable information which he believes to be true, believes and charges the fact to be that everyone of the causes of action filed by the said Peter S. Sarelas are his own fabrications, are unfounded in fact and in justice and as your petitioner is informed by his counsel and other reputable members of the Bar, are unfounded in law and in equity; that the above mentioned lawsuits are listed in Exhibit "A" hereto attached and made a part hereof.

In Exhibit "A," listing twelve law suits, the plaintiff's suit was referred to therein by name. It appears that the document was filed by the defendants or their attorneys in pending suits brought by Sarelas, one of which was the case of Sarelas v. Makin supra.

The case of Soter v. Christoforacos, 53 Ill App2d 133, 202 NE2d 846 (October 1964), disposed of the identical issues presented before us. Helen Soter, plaintiff therein, had two suits identically referred to by name in the Exhibit "A" suit described herein.

299

Her complaint contained substantially the same charge as made by plaintiff in the case at bar, based upon the identical document involved herein. We, therefore, deem it unnecessary to reiterate the principles involved, as we adopt and concur in the pronouncements made by Justice McCormick in Soter. There being no reason to conclude otherwise, we affirm the judgment order of the lower court.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.