HENRY J. MACIE *et al.*, Plaintiffs-Appellants, *v.* CLARK EQUIPMENT COMPANY *et al.*, Defendants-Appellees.

(No. 56002; ▮▮▮▮▮▮▮▮▮▮

First District—November 14, 1972.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Howard J. Depree, of Chicago, (Robert A. Millman, and Burditt & Calkins, of counsel,) for appellants.

John B. Huck and Stephen E. Kitchen, both of Chicago, (Chapman and Cutler, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a libel suit. A three-count complaint alleged that in civil case No. 68 C 865, United States District Court for the Northern District of Illinois, appellees Clark Equipment Company, a corporation, and John A. Dienner, composed, wrote or caused the composition and writing of certain affidavits and pleadings that contained false and inflammatory matters concerning appellants Henry J. Macie, David Duncan and Advanced Hydraulics, Inc., an Illinois corporation. The allegedly libelous statements were contained in four exhibits attached to the complaint. Instead of answering, appellees moved to dismiss on the ground that the complaint, affidavits and pleadings disclosed statements which were made in a

judicial proceeding. Therefore, appellees contended, the statements were privileged as a matter of law. This being so, the allegedly libelous statements could not support an action for libel or slander.

After hearing the parties, the trial court sustained the motion. Without specifying the ground, it dismissed the complaint, with prejudice. Thereafter, appellants filed a motion asking the court to reconsider its dismissal order and grant them leave to file an amendment to their complaint. The motion was denied. In this appeal appellants present three issues. (1.) Whether the trial court, in ruling on appellees' motion to dismiss, considered and determined the pertinency or relevancy of appellees' statements to the issues of the judicial proceeding in which they were made. (2.) Whether the allegedly libelous statements were pertinent and relevant to the judicial proceeding involved. (3.) Whether the trial court erred in denying appellants' motion to file an amendment to their complaint.

■■ It is well settled in our law that pertinent or relevant statements, written or oral, made in a judicial proceeding are absolutely privileged. (*Parker v. Kirkland,* 298 Ill.App. 340, 18 N.E.2d 709; 53 C.J.S. Libel and Slander § 104.) The question of pertinency or relevancy is one of law for the court, one that can be decided by a motion to dismiss. (*Ginsburg v. Black* (7 Cir. 1951), 192 F.2d 823; see *Soter v. Christoforacos,* 53 Ill. App.2d 133, 202 N.E.2d 846.) An order that sustains a motion to dismiss without specifying the ground on which it is based places before the reviewing court every issue raised by the motion. (See *Doner v. Phoenix Joint Stock Land Bk. of Kansas City,* 381 Ill. 106, 112, 45 N.E.2d 20.) In this case, one of the issues raised by appellees' motion was whether the allegedly libelous statements were pertinent or relevant to the judicial proceeding in which they were made. Therefore, the dismissal order, general though it was, adjudicated the issue. (*Baker v. S. A. Healy Co.,* 302 Ill.App. 634, 637, 24 N.E.2d 228; *Chas. Todd Uniform Rental Service Co. of Ky. v. Klysce,* 30 Ill.App.2d 274, 174 N.E.2d 570.) It is apparent, therefore, that when the trial court ruled on the motion to dismiss, it considered and determined the pertinency and relevancy of the allegedly libelous statement that appellees made in the Federal judicial proceeding.

■■ The requirement that statements made in a judicial proceeding be pertinent or relevant is not applied in a strict sense. (See *Williams v. Williams* (D.Ct., D.C. 1958), 169 F.Supp. 860.) When it is applied and questions are raised, all doubts are resolved in favor of relevancy or pertinency. (*Harrell v. Summers,* 32 Ill.App.2d 358, 178 N.E.2d 133.) Although a party may not introduce into a judicial proceeding inflammatory matters entirely unrelated to the litigation, he is not answerable for those volunteered or included in his pleadings if they have any bearing on

the subject at issue. *Talley v. Alton Box Board Co.,* 37 Ill.App.2d 137, 144, 185 N.E.2d 349; see *Ginsburg v. Black* (7 Cir. 1951), 192 F.2d 823.

It appears from the exhibits attached to the complaint that the corporate appellant, Advanced Hydraulics, Inc., filed a patent infringement suit against the corporate appellee Clark Equipment Company. John A. Dienner, the other appellee, was Clark's lawyer. It was Clark's theory of defense that Advanced Hydraulics was organized and financed solely for the purpose of bringing the patent infringement suit, one that had no foundation in fact or law. In the allegedly libelous statements, appellees asserted that Advanced Hydraulics was insolvent and the individual appellants were using the corporation to avoid the financial consequences of a decree in Clark's favor. The pleadings and affidavits alleged that in such an event, Federal statutes, Federal rules and decisions of Federal courts gave Clark the right to an award of attorneys fees and costs of suit which Clark would not collect because Advanced Hydraulics had no assets. The underlying theory of the statements in the pleadings and affidavits was that the conduct of appellants, acting through the corporate façade of Advanced Hydraulics, was unconscionable, a misuse of Federal patent rights and a defense to the patent infringement suit.

■■ In making these allegedly libelous statements, appellees were asking the Federal court to extend to the patent suit the equitable doctrine of "unclean hands." (See *United States Gypsum Co. v. National Gypsum Co.* (1957), 352 U.S. 457, 465, 77 S.Ct. 490, 1 L.Ed.2d 465.) Unconscionable or illegal conduct by a patentee can be ground for denial of equitable relief in a patent infringement suit. (*Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.* (1945), 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381.) Although remedies which are afforded for patent infringement are wholly statutory, Federal courts exercise equitable jurisdiction and apply equitable principles when they consider patent infringement suits. (*General Elec. Co. v. Sciaky Bros., Inc.* (6 Cir. 1962), 304 F.2d 724.) For these reasons, we have no hesitancy in concluding that the statements which appellees made in the Federal judicial proceeding were pertinent and relevant to the issues they raised in defense of the patent suit. (See *Art Metal Works, Inc. v. Abraham & Straus, Inc.* (2 Cir. 1934), 70 F.2d 641; Annot., 98 A.L.R. 671; compare *Briggs v. M & J Diesel Locomotive Filter Corp.* (N.D.Ill., E.D. 1964), 228 F.Supp. 26, 62.) Therefore, the statements were absolutely privileged. (*Greenberg v. Aetna Ins. Co.* (1967), 427 Pa. 511, 235 A.2d 576; see Annot., 38 A.L.R.3d 272.) The order dismissing appellants' complaint with prejudice was correct. Compare *Sanders v. Leeson Air Conditioning Corporation* (1961), 362 Mich. 692, 108 N.W.2d 761.

■■ This being so, granting or denying appellants leave to amend their

complaint was a matter within the discretion of the trial judge; and except where there is a clear and manifest abuse of that discretion, his decision will not be disturbed on appeal. (*Stevenson v. Maston*, 107 Ill.App.2d 65, 70, 246 N.E.2d 38. *Lowrey v. Malkowski*, 20 Ill.2d 280, 170 N.E.2d 147.) We find no abuse of discretion in this case. See *Village of Gulfport, Henderson County v. Buettner*, 114 Ill.App.2d 1, 251 N.E.2d 905; *Mitchell v. Tribune Co.*, 343 Ill.App. 446, 99 N.E.2d 397. The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.