ROBERT J. WEILER, Plaintiff-Appellant, *v.* HERBERT L. STERN, JR., *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 77-1950

Opinion filed December 6, 1978.

James E. Land, Ltd., of Calumet City (Edward J. Szewczyk, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Don W. Fowler, Hugh C. Griffin, and Bruce R. Duffield, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff appeals from a judgment of the circuit court of Cook County in which the defendant's motion for summary judgment was granted. The plaintiff, Robert J. Weiler, brought a libel suit against the defendant law firm, Gottlieb & Schwartz (Gottlieb), and each of its partners individually, based upon a letter written by a member of the firm. The letter referred to Mr. Weiler in allegedly libelous terms.

The Gottlieb firm served as attorneys of record for five Illinois limited partnerships, owners of an apartment complex purchased from Michael Sparks. The plaintiff, Weiler, was the common general partner of the partnerships. The partnerships were experiencing financial difficulties and, in 1975, both the partnerships and many of the limited partners were represented by Gottlieb in two pending lawsuits: one was an action by the limited partners seeking rescission of each of their partnership interests against Sparks, Weiler's predecessor as general partner, on the grounds of fraud and securities law violations; the other suit was a mortgage foreclosure action, brought by lien holders of the partnerships' apartment complex, against Weiler and Sparks.

Gottlieb entered into settlement negotiations, seeking to resolve both pending suits, and proposed selling the partnerships' apartment complex to Sparks. A majority of the limited partners approved this proposed sale and authorized Weiler to enter into a contract of sale with Sparks. Weiler, in his capacity as the general partner, refused to sell the property to Sparks and instead entered into an agreement with Kaler Enterprises, Inc. (Kaler), which gave Kaler a five-year option to purchase the property. Weiler was a shareholder of Kaler.

The allegedly libelous letter of August 25, 1975, was addressed to each of the limited partners represented by the firm. It was not sent to any persons who were not clients of Gottlieb. In Gottlieb's opinion, the Kaler option contract was less advantageous to the limited partners than the proposed sale to Sparks and the letter contained a lengthy discussion of the pros and cons of the two offers. The letter suggested various grounds for voiding the Kaler contract, including the fact that, in Gottlieb's opinion, Weiler "was acting in his own self-interest and not in the best interests of the partnerships" when he entered the contract with Kaler. The letter also noted "[i]t would have been much easier for us to have

remained silent and allowed Mr. Weiler and Kaler Enterprises to take advantage of you."

Gottlieb moved for summary judgment, pleading as an affirmative defense the absolute privilege of an attorney-client communication relating to pending judicial proceedings. That motion was granted and Weiler appeals.

The plaintiff argues that an out-of-court communication made by an attorney concerning one of his clients to various other clients is not absolutely privileged. The plaintiff contends that this is a case of first impression in Illinois and urges that this court adopt a "qualified" privilege standard. The defendant responds that the scope of the absolute attorney privilege is broad enough to encompass this case.

The defense of absolute privilege has been described as resting upon the idea "that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation." (Prosser, Torts §114, at 776 (4th ed. 1971).) The Restatement of Torts (1938) defines an absolute privilege as one "created by law * * * by reason of the character of the occasion upon which the defamatory matter is published * * *," and also notes that the privilege is "based upon a policy which regards the ends to be gained by permitting such statements as outweighing the harm which may be done to the reputation of others." Restatement of Torts, Introductory Note to tit. B, ch. 25 (1938); see also *Cook v. East Shore Newspapers, Inc.* (1945), 327 Ill. App. 559, 64 N.E.2d 751.

■■ Absolute privilege in defamation actions protects anything said or written in a legal proceeding, so long as it is pertinent and material to the matter in controversy. *Dean v. Kirkland* (1939), 301 Ill. App. 495, 23 N.E.2d 180; Restatement of Torts §586 (1938).

The issue here is whether the letter to Gottlieb's clients was written in connection with a legal proceeding and whether it was pertinent thereto. Prosser notes "[t]he 'judicial proceeding' to which the immunity attaches has not been defined very exactly." (Prosser, Torts §114, at 779 (4th ed. 1971).) This statement aptly describes the current state of Illinois law on the subject. Although at least one case found the privilege applicable to an out-of-court communication (*Dean*), no Illinois court appears to have directly considered the scope of the "judicial proceeding" to which the privilege attaches.

Section 586 of the Restatement construes the privilege in a rather broad fashion:

"An attorney at law is absolutely privileged to publish false and

defamatory matter of another in communications preliminary to a
proposed judicial proceeding, or in the institution of, or during the
course and as a part of a judicial proceeding in which he
participates as counsel, if it has some relation thereto."
Comment a to section 586 states a publication is "protected not only when
made in the institution of the proceedings or in the conduct of litigation
before a judicial tribunal, but in conferences and other communications
preliminary thereto."

Other jurisdictions appear to have had little difficulty in finding that
some out-of-court communications come within the scope of the "judicial
proceeding" absolute privilege. For example, in *Kennedy v. Cannon*
(1961), 229 Md. 92, 182 A.2d 54, the court, in commenting on section 586
of the Restatement, wrote:

"[T]he extension of this absolute privilege to statements not made
in the judicial proceeding itself is limited both by the comments on
the rule of the *Restatement* itself, and by the decisions. The scope
of the privilege is restricted to communications such as those made
between an attorney and his client, or in the examination of
witnesses by counsel, or in statements made by counsel to the court
or jury." 229 Md. 92, 98, 182 A.2d 54, 58.

In *Smith v. Hatch* (1969), 271 Cal. App. 2d 39, 76 Cal. Rptr. 350, an
attorney wrote a letter to a contractors' association which he represented
in litigation pending between that association and another contractors'
association. The letter discussed the legality and morality of payments
made by the second organization to their attorneys. The letter was found
absolutely privileged.[1] The *Smith* court noted "[t]he absolute privilege
attaches to any publication that has any reasonable relation to the action
and is permitted by law if made to achieve the objects of the litigation,
'even though the publication is made outside the courtroom and no
function of the court or its officers is invoked.'" (271 Cal. App. 2d 39, 45,
76 Cal. Rptr. 350, 354, quoting *Albertson v. Raboff* (1956), 46 Cal. 2d 375,
381, 295 P.2d 405, 409.) The court concluded that the privilege "'is not
limited to the pleadings, the oral or written evidence, to publications in
open court or in briefs or affidavits.'" 271 Cal. App. 2d 39, 45-46, 76 Cal.
Rptr. 350, 354, quoting *Albertson*, 46 Cal. 2d 375, 381, 295 P.2d 405, 409.

In *Simon v. Potts* (1962), 33 Misc. 2d 183, 225 N.Y.S.2d 690, the
allegedly libelous letter was written in connection with a will contest. The
attorney for the widow of the testator wrote the temporary administrator
concerning one of the estate's assets. In response, a member of the law

---

[1] The court was interpreting a California statute, section 47 of the Civil Code, which
appears to be simply a codification of the common law. It reads, in pertinent part: "A
privileged publication or broadcast is one made—° ° ° in any ° ° ° judicial proceeding
° ° °." Cal. Civ. Code par. 47 (West 1954).

firm representing the temporary administrator wrote the widow's attorney and said he believed that attorney had violated the Canon of Ethics providing a lawyer should not communicate on a subject of controversy with a party represented by counsel. The court held the reply was absolutely privileged: "[A] letter between parties or their attorneys in connection with matters pertinent to pending litigation in which they have an interest is privileged and cannot form the basis of a cause of action for libel." 33 Misc. 2d 183, 192, 225 N.Y.S.2d 690, 701.

Finally, in *Romero v. Prince* (N.M. App. 1973), 85 N.M. 474, 513 P.2d 717, a court of appeals wrote:

" '* * * It is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language * * * be spoken in open court or contained in a pleading, brief, or affidavit. * * *' [Citation.] If the alleged defamatory statement is made to achieve the objects of the litigation, the absolute privilege applies even though the statement is made outside the courtroom and no function of the court or its officers is invoked." (85 N.M. 474, 477, 513 P.2d 717, 720.)

The *Romero* court also noted that negotiation of a settlement is part of a judicial proceeding.

In *Dean v. Kirkland* the communication under consideration was made by one attorney to another during pretrial negotiations. The court found the statements to be absolutely privileged.

■■ So long as the communication is pertinent to pending litigation, we see no reason to limit the privilege to formal pleadings and in-court communications. The statements in the Gottlieb letter which concerned Weiler were relevant to the pending litigation in which Gottlieb was representing the limited partners. The letter involved an evaluation of the Kaler and Sparks offers, and Gottlieb's opinion as to the benefits and disadvantages of each. These offers were pertinent and relevant to the pending foreclosure action because the limited partners had apparently concluded that a sale of their interests was necessary if they were to avoid having the lien holders foreclose on the apartment complex. The pertinency requirement is not applied in a strict sense. *Macie v. Clark Equipment Co.* (1972), 8 Ill. App. 3d 613, 290 N.E.2d 912.

Although the *Dean* case found protected an out-of-court communication between attorneys, we believe the same public policy considerations serve to protect communications between an attorney and his clients. Both types of communication are those "so much to the public interest that the informer should speak out his mind fully and fearlessly so that all actions in respect of words thus spoken are absolutely forbidden * * *." *Krumin v. Bruknes* (1930), 255 Ill. App. 503, 507.

For the foregoing reasons we find that Gottlieb was absolutely

**184**

privileged in sending the disputed letter to its clients and we therefore affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.