LIBCO CORPORATION *et al.*, Plaintiffs-Appellants, *v.* WARE ADAMS, Defendant-Appellee.

First District (1st Division)    No. 80-1325

Opinion filed September 21, 1981.

Arnold, Pagniucci, Sachnoff, Schrager, Jones, Weaver, Rubenstein, Ltd., of Chicago, for appellants.

Ware Adams, of Chicago, for appellee, *pro se*.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs filed an action for damages based on alleged libelous statements contained in a letter. The trial court dismissed the third amended complaint on the ground that the letter was absolutely privileged. Plaintiffs appeal.

On appeal, plaintiffs contend that (1) the communication was not absolutely privileged even though made between two attorneys; (2) the conditional privilege to report judicial proceedings is not applicable to the communication; and (3) the statements cannot be innocently construed.

We affirm.

Plaintiff Clyde Engle is chairman of the board of plaintiff Libco Corporation. Plaintiff Lowell E. Sachnoff is an attorney who represents Libco and Engle in various matters. Defendant Ware Adams is also an attorney.

The action below was predicated on the contents of a letter written by defendant Adams to James Nesland, a Colorado attorney. At the time the letter was written, defendant and Nesland were involved in separate proceedings against, *inter alia*, Libco and Engle. Nesland represented Outdoor Sports Industries, Inc. (OSI), a Colorado corporation, in an action against Libco and Engle for violation of the Securities Exchange Act. Adams had initiated an action on behalf of the beneficiaries of the Reliable Employee's Profit Sharing Plan Trust against Libco, Engle, and others for violation of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. §1001 *et seq.* (1976)). Adams also represented defendants in another action brought by Libco.

In preparing for litigation, Adams had requested from Nesland a copy of the Securities and Exchange Commission Schedule 13D filed by Libco and Engle. Apparently Libco and/or Engle had purchased shares of OSI stock and under section 78m(d) of the Williams Act (15 U.S.C.

§78m(d) (1976)) were required to file a 13D schedule with the target company OSI.

In his letter, Adams thanked Nesland for forwarding the schedules. He explained his legal strategies and theories in the ERISA action. He was prepared to argue that Libco and Engle purchased OSI stock and stock in other corporations with trust funds and that Engle was profiting personally from an unlawful use of the funds. This argument was founded on disclosures in the 13D schedule. He believed that the initial purchase of OSI stock was a prohibited transaction and suggested that, on this basis, Nesland could challenge Engle's voting of shares in OSI. He advised Nesland not to transfer the OSI case from Colorado to Chicago and expressed his reasons for such advice. He also commented on the merits of another case in which he was involved wherein Libco and Sachnoff were his adversaries.

Plaintiffs alleged in the third amended complaint that the contents of the letter were defamatory. In count I, Libco and Engle alleged that Adams intended to publicly defame them by charging them with illegal business practices. They further alleged that Adams published false statements knowing that the statements were false and that their reputations were injured by the statements in the letter. In count II, Sachnoff charged that he was defamed by false statements in the letter which portrayed him as a dishonest, untrustworthy, and unethical practitioner, and that his professional reputation was injured thereby. The statements to which plaintiffs objected were set forth in the complaint.

Defendant filed a motion to dismiss the third amended complaint. After reviewing legal memoranda filed by the parties and hearing oral arguments, the trial court granted defendant's motion. The court found that the communication was absolutely privileged and based its finding on the principles set forth in *Weiler v. Stern* (1978), 67 Ill. App. 3d 179, 384 N.E.2d 762, and the Restatement of Torts (Restatement (Second) of Torts §586 (1977)).

Plaintiffs contend that the trial court erred in dismissing the complaint. They recognize that the absolute privilege protects communications between attorneys, but argue that the attorneys must be involved in the same case. Thus, they maintain that defendant's letter to Nesland was not protected by the privilege because Nesland was not involved in litigation with defendant.

■■■ The absolute privilege protects anything said or written in a legal proceeding. (*Weiler v. Stern* (1978), 67 Ill. App. 3d 179, 384 N.E.2d 762; *Macie v. Clark Equipment Co.* (1972), 8 Ill. App. 3d 613, 290 N.E.2d 912; Restatement (Second) of Torts §586 (1977).) Out-of-court communications between attorneys are protected (*Dean v. Kirkland* (1939), 301 Ill. App. 495, 23 N.E.2d 180) as well as communications between attorneys

and their clients. (*Weiler.*) The only requirement is that the communication pertain to proposed or pending litigation. (*Weiler*; *Macie*; Restatement (Second) of Torts §586, Comment c, at 248 (1977).) The pertinency requirement is not applied strictly (*Weiler*; *Macie*), and the communication need not be confined to specific issues involved in the litigation. Restatement (Second) of Torts §586, Comment c, at 248 (1977).

■■ The purpose of the privilege is to secure to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. (Restatement (Second) of Torts §586, Comment a, at 247 (1977).) It is based on the tenet that conduct which would otherwise be actionable should escape liability because the defendant is furthering an interest of social importance. *Weiler*, citing Prosser, Torts §114, at 776 (4th ed. 1971).

■■ None of the cases cited by the parties involves the identical factual situation as is presented in this case. However, based on the foregoing legal principles and the theories supporting the privilege, we conclude that the communication was absolutely privileged. Adams and Nesland shared common opponents. The ERISA action filed by Adams was of interest to Nesland and his corporate client OSI, and the letter itself was relevant and pertinent to pending litigation. Furthermore, in advising Nesland to refrain from transferring an action from Colorado to Chicago, Adams was acting in a professional capacity.

If we were to restrict the applicability of the privilege as plaintiffs have urged, we would risk limiting an attorney's ability to zealously represent and assist the public. Under the circumstances in this case, we believe that the public interest outweighs the possibility of harm to plaintiffs and that the communication should therefore be privileged.

Plaintiffs also contend that the conditional privilege for report of judicial proceedings is not applicable to this case and that the alleged defamatory statements cannot be innocently construed. However, we need not address these issues because of our holding that the communication was absolutely privileged.

■■ In his brief, defendant argues that he is entitled to attorney's fees under section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 41.) The trial court denied defendant's motion for costs and fees, but defendant did not file a notice of appeal. Because no appeal was filed, this court lacks jurisdiction to determine the issue. *Danaher v. Knightsbridge Co.* (1978), 56 Ill. App. 3d 977, 372 N.E.2d 862.

For the foregoing reasons, we affirm the order of the circuit court of Cook County dismissing plaintiff's complaint.

Order affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.