**Mitchell H. CAPLAN, Plaintiff,**

v.

**INTERNATIONAL FIDELITY INSURANCE COMPANY, a Corporation, Defendant.**

**No. 94 C 6814.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 27, 1995.

Judith Anne Halprin, Chicago, IL, Richard A. Halprin, Chicago, IL, for plaintiff.

Anton Ronald Valukas, William A. Von Hoene, Jr., Jenner & Block, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant International Fidelity Insurance Company's ("IFIC") motion to dismiss Counts I, II, III, and IV of plaintiff Mitchell H. Caplan's ("Caplan") second amended complaint pursuant to FED. R.CIV.P. 12(b)(6). As set forth fully below, the court grants in part and denies in part IFIC's motion to dismiss.

### I. BACKGROUND [1]

IFIC is a New Jersey corporation with its principal place of business in New Jersey. Caplan, an Illinois resident, has owned 53,000 shares of IFIC stock since 1968.[2] In June 1993, IFIC offered to repurchase Caplan's stock for $530,000. Caplan acknowledged the offer and requested information and documents so that he could evaluate and respond to the offer.

In October 1993, IFIC's president, Francis Mitterhoff ("Mitterhoff"), told Caplan that IFIC's chairman, Philip Konvitz ("Konvitz"), had remembered that Caplan did not own the stock, which actually had been issued as collateral for a loan made in 1968 by Irwin Weiner ("Weiner") to IFIC. Mitterhoff told Caplan that Konvitz had talked with Weiner and recalled that Weiner had the stock issued in Caplan's name but held for Weiner's benefit; that Weiner had been repaid; and that the $530,000 repurchase offer was a mistake.

Caplan told Mitterhoff that what Konvitz had said was false. Mitterhoff responded that Konvitz would call Caplan directly. Konvitz called Caplan later that day, reiterated what Mitterhoff had told Caplan earlier, and said that he would further investigate his memory and get back to Caplan. Several days later, Caplan wrote to IFIC, Konvitz, and Mitterhoff, memorializing his conversations with Konvitz and Mitterhoff, restating that Weiner's claim was false, and repeating his information request. Neither IFIC, Konvitz, nor Mitterhoff responded.

Caplan wrote another letter on November 4, 1993, to which Steven Radin ("Radin"), an attorney for IFIC, responded. Radin acknowledged Caplan's record ownership of the stock and IFIC's repurchase offer, Caplan's request for information, and IFIC's failure to respond to Caplan's information request. Radin told Caplan that Weiner had not been repaid, but wanted to be repaid and have the stock returned to IFIC. Radin told Caplan that IFIC perceived that a dispute as to who owned the stock existed and requested that Caplan provide documents, dating from 1968, to establish that he owned the stock. Radin also told Caplan that, as an attorney for IFIC, he was undertaking an investigation of

---

1. The facts are taken from Caplan's second amended complaint.

2. This case is before this court on the basis of diversity, pursuant to 28 U.S.C. § 1332. The court need not decide whether to apply New Jersey or Illinois law because, for purposes of this motion, they are substantially similar and dictate the same outcome.

the Weiner claim and its effect on Caplan's record ownership of the stock.

In November and December 1993, Caplan corresponded with Radin, requesting evidence of the claims of Konvitz and Weiner and providing information establishing his ownership of the stock. In December 1993, IFIC filed a lawsuit in the New Jersey Superior Court against Caplan and Weiner, alleging that Weiner had loaned IFIC money in 1968, and that Caplan's stock was Weiner's collateral.

In February 1994, Caplan sued IFIC, Konvitz, Mitterhoff, and Weiner in the Circuit Court of Cook County, seeking declaratory judgment of his ownership of the stock. In September 1994, the Illinois court granted declaratory judgment in favor of Caplan. In October 1994, the New Jersey court also granted declaratory judgment in favor of Caplan.

Caplan then sued IFIC in this court, alleging breach of fiduciary duty (Count I), fraud (Count II), slander of title (Count III), and conspiracy (Count IV), and asserting an oppressed minority shareholder action (Count V). IFIC now moves to dismiss Counts I through IV of Caplan's second amended complaint pursuant to FED.R.CIV.P. 12(b)(6), on the ground that those counts fail to state claims for which relief can be granted.

## II.  *DISCUSSION*

### A.  *Standard of Review*

When deciding a motion to dismiss under FED.R.CIV.P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport*, 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355

U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B.  *Count I—Breach of Fiduciary Duty*

IFIC contends that Caplan's breach of fiduciary duty claim is based on a New Jersey statute, N.J. STAT. ANN. 14A:6–14, defining duties of directors, and that the statute is wholly inapplicable to the present case, because it pertains only to directors' liability to their corporations for failing to act in good faith. Thus, according to IFIC, Caplan's breach of fiduciary duty claim falls outside of the scope of the statute upon which it purportedly is based, and therefore must be dismissed.

IFIC is correct that the New Jersey statute cited by Caplan in his complaint pertains to liability of directors for failing to act in good faith. However, Caplan explicitly states in his complaint that IFIC, "through its agents Konvitz, Mitterhoff and Radin, has breached statutory *and common law* duties to plaintiff, *in part* defined by" the New Jersey statute. (Second Am.Compl. ¶ 56 (emphasis added).) Thus, Caplan has not limited his breach of fiduciary duty claim to statutory breach of fiduciary duty based upon the New Jersey statute.

Furthermore, the portion of the statute quoted by Caplan in his complaint simply sets forth the duties of corporate directors. It provides: "Directors ... shall discharge their duties in good faith and with that degree of diligence, care and skill which ordinarily prudent people would exercise under similar circumstances in like positions." N.J. STAT. ANN. 14A:6–14(1). The complaint then sets forth several ways in which Konvitz, Mitterhoff, and Radin, as agents of IFIC, acted in bad faith in their dealings with Caplan. Moreover, in the 55 paragraphs preceding Count I, Caplan sets forth a plethora of facts supporting Caplan's allegation that IFIC owed a duty to Caplan, its shareholder, to act in good faith, and that it breached that duty.

The Federal Rules of Civil Procedure require only " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED.R.CIV.P. 8(a)(2)). "To this end, pleadings are liberally construed and each theory need not be explicitly spelled out, so long as the other side receives notice as to what is at issue in the case." *Bob Willow Motors, Inc. v. General Motors Corp.*, 872 F.2d 788, 791 (7th Cir. 1989) (citing *American Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F.2d 781, 786 (9th Cir.1982)).

■ The court finds that Caplan's second amended complaint gave IFIC fair notice of the breach of fiduciary duty claim against it and the grounds upon which the claim rests, and therefore that Count I sufficiently states a claim for breach of fiduciary duty.

Accordingly, the court denies IFIC's motion to dismiss Count I of Caplan's second amended complaint.

#### C. *Count II—Fraud*

IFIC next argues that Caplan has not stated and cannot state a claim for fraud because he has not alleged and cannot allege that he relied on any misrepresentations by IFIC or that any reliance, if it existed, was to his detriment or damage.

■ To state a claim for fraud, Caplan must have alleged that (1) IFIC made a false statement of material fact; (2) knowing it was false; (3) with the intent to induce Caplan to rely upon it; and that (4) Caplan reasonably relied upon the misrepresentation; (5) to his detriment. *See, e.g., Redarowicz v. Ohlendorf*, 92 Ill.2d 171, 185–86, 65 Ill.Dec. 411, 418, 441 N.E.2d 324, 331 (1982); *R.A. Intile Realty Co. v. Raho*, 259 N.J.Super. 438, 475, 614 A.2d 167, 186 (1992).

■ Caplan alleges very explicitly the actions that Konvitz, Mitterhoff, and Radin took in an attempt to defraud Caplan and divest him of his stock. Much of what is stated in Caplan's fraud count may support a claim for fraud. However, the fraud count is fatally deficient in at least one respect: part of it is based on alleged misrepresentations to and reliance thereon by the defendant, IFIC, rather than the plaintiff, Caplan.

First, it seems somewhat schizophrenic of Caplan to sue IFIC for fraud based on allegations that IFIC was the victim of the fraud. Second, a claim for fraud must allege that the *plaintiff* relied on misrepresentations to his detriment. *See Redarowicz*, 92 Ill.2d at 185–86, 65 Ill.Dec. at 418, 441 N.E.2d at 331; *Raho*, 259 N.J.Super. at 475, 614 A.2d at 186. The court does not find persuasive Caplan's urging that *Hartmann v. Prudential Insurance Co. of America*, 9 F.3d 1207 (7th Cir.1993), holds differently. *Hartmann* should be limited to its unusual facts and reasoning: plaintiffs, who would have been beneficiaries to their deceased father's life insurance policy were it not for the misrepresentations made to the father by his insurance agent, need not have relied on the misrepresentations; their father relied on the misrepresentations and they were consequently harmed. *Id.* at 1213. Moreover, the foregoing is merely dictum, because the court did not allow plaintiffs to recover under their fraud theory. *Id.* at 1214. Thus, *Hartmann* does not exempt Caplan from the requirement that he allege that he relied on IFIC's misrepresentations to his detriment.

Accordingly, Count II of Caplan's second amended complaint is dismissed because it is based, in part, on misrepresentations made to IFIC upon which IFIC, rather than Caplan, relied. However, it is dismissed without prejudice, since Caplan could cure this flaw by amending his fraud count in accordance with this memorandum opinion and order.

#### D. *Count III—Slander of Title*
##### 1. Slander of title

IFIC argues that Caplan has failed to allege a cognizable claim of slander of title because whatever IFIC published to third parties was absolutely privileged, since it was published in the course of and in furtherance of litigation.

In Count III, Caplan alleges that IFIC published three "injurious falsehoods": that Caplan was not the true owner of the 53,000 shares of IFIC stock; that IFIC was indebted to Weiner; and that Caplan's stock was really Weiner's collateral for his alleged 1968 loan to IFIC. Caplan alleges that IFIC

published these falsehoods to the Essex County Court of the State of New Jersey in IFIC's lawsuit against Caplan and Weiner, and to a former employee of Radin's law firm, who apparently was one of the counsel in the lawsuit. Count III alleges no other vehicle of publication not related to the New Jersey lawsuit.

▮ Statements that otherwise might be slander of title are not when they are written or said in the course of legal proceedings and pertain to the matter in controversy; such legal communications are absolutely privileged. *See Weiler v. Stern,* 67 Ill.App.3d 179, 181, 23 Ill.Dec. 855, 856, 384 N.E.2d 762, 763 (1st Dist.1978); *Lone v. Brown,* 199 N.J.Super. 420, 426, 489 A.2d 1192, 1195 (1985). The "published injurious falsehoods" that Caplan alleges constitute slander of title are absolutely privileged because they were communicated in the course of and pertained to the New Jersey legal proceedings against Caplan. Because those communications are absolutely privileged, they cannot be the basis of a slander of title action. Therefore, Caplan has not stated and cannot state a claim for slander of title.

Accordingly, Count III, claiming slander of title, is dismissed with prejudice.

### 2. Malicious prosecution

▮ Acknowledging that perhaps he cannot state a claim for slander of title, Caplan asks the court to read Count III as a malicious prosecution claim. To plead an action for malicious prosecution, a plaintiff must allege that (1) the defendant instituted civil proceedings against plaintiff; (2) the lawsuit was brought without probable cause; (3) the lawsuit was actuated by malice on the part of defendant; (4) the lawsuit was terminated in plaintiff's favor; and (5) plaintiff suffered special injury or grievance because of the lawsuit. *Franklin v. Grossinger Motor Sales, Inc.,* 122 Ill.App.2d 391, 397, 259 N.E.2d 307, 309–10 (1st Dist.1970); *Penwag Property Co., Inc. v. Landau,* 148 N.J.Super. 493, 500, 372 A.2d 1162, 1165 (1977), *aff'd,* 76 N.J. 595, 388 A.2d 1265 (1978).

▮ While Caplan has alleged many facts that would support a malicious prosecution claim, he still falls short of pleading malicious prosecution in Count III. He has failed to plead that he suffered a special injury or grievance because of IFIC's New Jersey lawsuit. A special injury is damage above and beyond the ordinary expense and trouble entailed in the defense of civil litigation. *Franklin,* 122 Ill.App.2d at 398, 259 N.E.2d at 310; *Landau,* 148 N.J.Super. at 500, 372 A.2d at 1165. A special injury or grievance consists of interference with a party's personal liberty or property, such as the appointment of a receiver, filing of a petition in bankruptcy, granting of an injunction, issuance of a writ of attachment or replevin, issuance of an order of arrest, or wrongful interference with possession or enjoyment of property. *Landau,* 148 N.J.Super. at 501, 372 A.2d at 1166. Caplan has not alleged any facts showing that IFIC's New Jersey lawsuit caused him to suffer the kind of harm that constitutes a special injury or grievance. Therefore, the court cannot recast Count III as a malicious prosecution claim.

### E. *Count IV—Conspiracy*

IFIC asks the court to find that Caplan has failed to state a claim for conspiracy. IFIC contends that because Caplan has not stated a claim for fraud, he cannot state a claim for conspiracy, since fraud is the underlying wrong that must exist for a cause of action for conspiracy to exist.

▮ A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act or a lawful act by unlawful means. *Morgan v. Union County Board of Chosen Freeholders,* 268 N.J.Super. 337, 364, 633 A.2d 985, 998 (1993) (citations omitted); *Dymek v. Nyquist,* 128 Ill.App.3d 859, 866, 83 Ill.Dec. 52, 58, 469 N.E.2d 659, 665 (1st Dist.1984) (citations omitted). The gist of the action for conspiracy is not the fact of the conspiracy itself, but the wrongful acts alleged to have been done in furtherance of the conspiracy. *Ammons v. Jet Credit Sales, Inc.,* 34 Ill.App.2d 456, 465, 181 N.E.2d 601, 605 (1st Dist.1962) (citations omitted); *Morgan,* 268 N.J.Super. at 364, 633 A.2d at 998 (citations omitted).

▮ Because the court has dismissed Caplan's fraud and slander of title counts, it

must dismiss Caplan's conspiracy count, since the alleged conspiracy is based upon the wrongful acts of fraud and slander of title. However, since Caplan may amend his fraud count, the conspiracy count also may be cured.

Accordingly, Count IV of Caplan's second amended complaint is dismissed, but without prejudice.

## III. *CONCLUSION*

For the foregoing reasons, defendant International Fidelity Insurance Company's motion to dismiss Counts I through IV of plaintiff Mitchell Caplan's second amended complaint is granted in part and denied in part as follows:

(a) The motion to dismiss Count I is denied.

(b) The motion to dismiss Count II is granted without prejudice.

(c) The motion to dismiss Count III is granted with prejudice.

(d) The motion to dismiss Count IV is granted without prejudice.