The **WILLSON H. LEE CO.**, Plaintiff,

v.

**NEW HAVEN PRINTING PRESSMEN LOCAL UNION NO. 74**, Defendant.

Civ. No. 11176.

United States District Court
D. Connecticut.

Dec. 17, 1965.

William K. Bennett, Ansonia, Conn., for plaintiff.

Norman Zolot, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

The company having moved to vacate, pursuant to 9 U.S.C. § 10, and the union having moved to confirm, pursuant to 9 U.S.C. § 9, an arbitration award of October 25, 1965 that (i) the company had violated Sections 5 and 19 (dealing generally with application of principles of seniority in event of layoffs) of a

collective bargaining agreement between the parties by laying off one Edward Bradley and retaining one Neil Thompson on January 22, 1965, (ii) Bradley should be made whole for lost wages, less any amounts received from other employment or unemployment compensation, and (iii) Bradley should be considered as having been in the company's employ since January 22, 1965 for seniority and other purposes and Thompson should be considered as having been laid off on January 22, 1965 for seniority purposes; and

The Court having heard argument of counsel on December 6, 1965 and having received and considered their motions, pleadings, exhibits and briefs; and

The Court being of the opinion that the company's motion to vacate should be denied and the union's motion to confirm should be granted, for the reasons that

■ (i) The Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), and pursuant to such jurisdiction may enforce the remedies here invoked under the United States Arbitration Act, 9 U.S.C. §§ 9–11, the Arbitration Act not furnishing an independent basis of federal jurisdiction;

(ii) The arbitration award is directly responsive to and squarely within the issue submitted for arbitration which in turn is well within the broad scope of subject matter jurisdiction agreed upon in Sections 23(1) and (2) and 24(7) of the collective bargaining agreement;

■ (iii) The arbitration award not having been procured by corruption, fraud or undue means, there having been no partiality or corruption on the part of the arbitrator, the arbitrator not having been guilty of misconduct or any behavior by which the rights of any party have been prejudiced and the award being a definite, mutual and final award, it is binding upon the parties pursuant to Section 24(5) of the collective bargaining agreement;

■ (iv) The arbitrator, in construing the agreement in those respects claimed to be ambiguous relating to principles of seniority in event of layoffs, properly sought "guidance from many sources", in addition to the plain language of the agreement, including past history of the agreement, past practices of the company and the parties' own interpretation and application of the agreement, ultimately grounding his award upon the agreement itself (United Steelworkers of America v. Enterprise Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1960));

■ (v) The arbitrator, to the extent he did so, properly looked to "the common law of the shop * * * to bring to bear considerations which are not expressed in the contract as criteria for judgment." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). By doing so, he did not exceed his authority under the submission, the agreement or the statute; it is therefore

Ordered as follows:

(1) The company's motion to vacate the award is denied.

(2) The union's motion to confirm the award is granted.

(3) A judgment shall be entered by the Clerk of this Court directing the company to pay Bradley back wages in an amount to be determined in accordance with the formula contained in the arbitration award (cf. Brown v. Bridgeport Rolling Mills Company, 245 F.Supp. 41, 47 (D.Conn.1965)), such judgment to be entered on the basis of a stipulation by counsel to be submitted to the Clerk within 10 days of the date of this order or, if there be a dispute as to the amount, such dispute shall be submitted to arbitration under the collective bargaining agreement (United Steelworkers of

America v. Enterprise Corp., supra at 599.)

(4) The union's application for an order directing the company to pay a reasonable attorney's fee to the union's counsel herein, pursuant to Conn.Gen.Stats. § 31–72 (1958), upon the ground that the instant motions to vacate and confirm an arbitration award directing payment of back wages amounts to a civil action to collect a wage claim, is denied, but with leave to renew said application after judgment is entered and upon the filing of an appropriate motion and the filing and exchange of briefs directed to the question of this Court's jurisdiction to order payment of a reasonable attorney's fee.