**WILSON H. LEE CO., Inc., Plaintiff,**

v.

**NEW HAVEN PRINTING PRESSMEN LOCAL UNION NO. 74, Defendant.**

Civ. No. 11176.

United States District Court
D. Connecticut.

June 10, 1966.

William K. Bennett, Ansonia, Conn., for plaintiff.

Norman Zolot, Hamden, Conn., for defendant.

TIMBERS, Chief Judge.

The union, pursuant to leave granted in the last paragraph of this Court's memorandum order of December 17, 1965 (248 F.Supp. 289), having renewed its application for an order directing the company to pay a reasonable attorney's fee to the union's counsel herein, pursuant to Conn. Gen.Stats. § 31–72 (1958); and

It appearing, pursuant to this Court's memorandum order of December 17, 1965 denying the company's motion to vacate an arbitration award, granting the union's motion to confirm the award and ordering that judgment enter directing the company to pay the employee (Bradley) back wages in accordance with the arbitration award, that judgment was entered April 15, 1966 by the Clerk of this Court, upon stipulation of the parties, directing the company to pay Bradley net back wages in amount of $3,563.-49 (after deducting unemployment compensation and wages received from other employment); and

The Court having heard argument of counsel on May 2, 1966 and having received and considered the union's application and the briefs of both parties; and

The Court being of the opinion that the union's renewed application should be denied for the reasons that

(1) The union's claim that this Court, having undoubted federal question jurisdiction grounded on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), has pendent jurisdiction to adjudicate the state claim arising under Conn.Gen.Stats. § 31–72 (1958), is debatable. Compare Hurn v. Oursler, 289 U.S. 238, 245–246, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), with UMW v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

(2) Assuming that the federal and state claims do "derive from a common nucleus of operative fact", UMW v. Gibbs, supra at 725, 86 S.Ct. at 1138, and that this Court does have pendent jurisdiction with respect to the state claim, the Court nevertheless as a matter of sound discretion should hesitate to exercise jurisdiction over the state claim here presented, for "Needless decisions of state law

should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer footed reading of applicable law." UMW v. Gibbs, supra at 726, 86 S.Ct. at 1139.

(3) Refusal to exercise pendent jurisdiction with respect to the state claim here presented would appear to be a sound exercise of discretion because

(a) The Connecticut courts have not construed Section 31–72.

(b) It is at best questionable whether the "attorney's fees" provision of Section 31–72 was intended to apply to a federally administered statute—here, an action to enforce the terms of a collective bargaining agreement—as distinguished from an action to recover wages.

(c) The substantive cause of action created by Section 31–72 is not one to recover "attorney's fees", but one to recover wages earned; the "attorney's fees" provision is a corollary remedy stemming from the substantive cause of action for wages earned.

(d) In enforcing remedies provided by the United States Arbitration Act, 9 U.S.C. § 9–11, pursuant to jurisdiction conferred by Section 301(a) of the Labor Management Relations Act, it would appear particularly inappropriate, absent specific Congressional authority, for this Court to graft on to the federal remedy a *part* of a state statute to provide attorneys fees, resulting in a local option remedy for attorneys fees and to that extent undermining the Act's basic objective of a uniform national labor policy.

it is therefore

ORDERED that the union's renewed application for an order directing the company to pay a reasonable attorney's fee to the union's counsel be, and the same hereby is, denied.