WILBERT J. J. WAHLER et al., Plaintiffs-Appellees, Cross-Appellants, v. GERALD A. SCHROEDER et al., Defendants-Appellants, Cross-Appellees.

(No. 54721; )

First District—December 29, 1972.

Walter R. Stewart, of Champaign, for appellants.

Edward R. Davis, of Chicago, (Wilbert J. J. Wahler and Daniel W. Pecyna, *pro se*, of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is an action in libel in which plaintiffs, who are lawyers, seek damages against the defendants, their former clients. It is alleged by plaintiffs that in a reply brief filed in a suit in the United States Court of Appeals, the defendant made defamatory and unwarranted charges. The trial court found for the plaintiffs and entered judgment for $1,000 each. The defendants contend that the statements were privileged and that the court should have sustained their motion for judgment at the close of the evidence. Plaintiffs cross-appeal, urging that the judgment for each plaintiff in the amount of $1,000 was inadequate as a matter of law. The facts follow.

In 1959, an action was brought by the Trustees of Schools to condemn certain real property owned by the Schroeders, who were then represented by Wahler and Pecyna. The trial was by jury and a verdict was rendered for $267,088.33. The trial court ordered a remittitur in the amount of $42,088.33, but the Schroeders refused to concur, and the trial judge then granted the Trustees' motion for a new trial. The Schroeders, represented by Wahler and Pecyna, appealed, and that was the first of numerous appeals growing out of the original lawsuit. These need not be described or referred to for purposes of this appeal, except to state that after a second appeal to the Illinois Supreme Court the Schroeders discharged Wahler and Pecyna.

They then engaged other counsel and brought action in the Federal District Court [based on 42 U.S.C. 1981-1985], contending that their civil rights had been violated by the proceedings in the Illinois courts. Wahler and Pecyna were joined as defendants in this latter action. Unsuccessful at the trial court, the Schroeders appealed to the United States Court of Appeals, and their reply brief contained the following allegedly defamatory statement:

> "In the second appeal referred to on the bottom of page 3 these defendants were the attorneys for the Schroeders, and although the main point in the case was the lack of authority in the trial court to enter a judgment for a fee simple title, these attorneys, Wilbert J. J. Wahler and Daniel W. Pecyna, defendants here, never raised the point in the Supreme Court but deliberately omitted the same from their brief. It was done by them because of the lien claims filed by Wahler and Pecyna who thereby claimed a lien of our interest in the land to make them parties to this proceeding or they would claim they were not bound thereby."

The defendants contend that material contained in legal briefs is within the absolute privilege which is afforded attorneys and litigants during the course of a judicial proceeding.

■■ Plaintiffs do not dispute that this privilege extends to a communication contained in an appellate brief. Instead, they allege that such a privilege does not apply to the instant case because it is necessary that the court have jurisdiction of the subject matter before such a privilege can be applied. Our examination of the federal court opinion (354 F.2d 561), reveals that the Schroeders' claim was indeed dismissed by the district court for lack of jurisdiction and that this result was affirmed on appeal. On the other hand, we find that a federal district court is a proper forum to entertain a civil rights action.

We need not discuss the distinction between a court's lack of juris-

diction and a refusal of a court to exercise its jurisdiction. Instead, we adopt the more liberal rule as stated in Prosser, Torts [4th ed. 1971] at 780:

"There are frequent dicta to the effect that the tribunal must have jurisdiction, or power to act in the situation presented; but this would compel everyone concerned to decide the question of jurisdiction at his peril, and it seems clear that the correct rule is that mere color of jurisdiction, in fact assumed, is sufficient."

When the Schroeders' claim was appealed to the federal circuit court, there was more than mere color of jurisdiction, as the Federal Court of Appeals was the proper forum to review the decision of a federal district court. It follows that the "jurisdiction exception" does not apply in the case before us.

■■ Plaintiffs' only other objection to the application of a privilege is that it was not relevant and material to the issue involved in the proceeding in the federal court. A similar argument was raised in *Talley v. Alton Box Board Co.*, 37 Ill.App.2d 137, where the court, adopting the rule from Restatement, 3 Torts, § 587(c), quoted at page 143:

"It is not necessary that the defamatory matter be relevant or material to any issue before the court. It is enough that it have some reference to the subject of inquiry. Thus, while a party may not introduce defamatory matter which is entirely disconnected with the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation."

The alleged defamatory matter in the instant case set forth the reason for joining Wahler and Pecyna as party defendants. Such allegations were relevant and comply with the requirements set out in *Talley, supra.*

The trial court erred in not finding the communicaton privileged. Having reached this conclusion, there is no need to consider the cross-appeal.

Judgment reversed; cross-appeal dismissed.

STAMOS, P. J., and LEIGHTON, J., concur .