**AMERADA HESS CORPORATION, a Delaware corp. authorized to do business in the State of New Jersey, et al., Plaintiffs,**

v.

**LOCAL 22026 FEDERAL LABOR UNION, A.F.L.–C.I.O., affiliated with the Oil, Chemical and Atomic Workers International Union, A.F.L.–C.I.O., Defendant.**

**Civ. A. No. 74–842.**

United States District Court,
D. New Jersey,
Civil Division.

Oct. 31, 1974.

John A. Meagher, Matawan, N. J., for plaintiffs.

Mandel, Wysoker, Sherman, Glassner, Weingartner & Feingold, by Jack Wysoker, Perth Amboy, N. J., for defendant.

## OPINION and ORDER

CLARKSON S. FISHER, District Judge.

This is a motion by plaintiffs to vacate an arbitration award and a cross-motion by defendant for summary judgment and affirmation of the arbitration award. Plaintiff places reliance on 9 U.S.C. Sec. 10(a–d) as a basis for its motion to vacate.[1]

Specifically, plaintiffs urge that the arbitration award be vacated pursuant to 9 U.S.C. Sec. 10(b) which permits a United States District Court to vacate an arbitration award " . . . where there was evident partiality or corrup-

---

1. 9 U.S.C. Sec. 10 reads as follows:
In either of the following cases the United States Court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
(a) Where the award was procured by corruption, fraud, or undue means.
(b) Where there was evident partiality or corruption in the arbitrators, or either of them.
(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any parties have been prejudiced.
(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

tion in the arbitrators, or either of them", and 9 U.S.C. Section 10(d) which permits the court to vacate an arbitration award " . . . where the arbitrators exceeded their powers . . .". Additionally, plaintiffs allege that the arbitrator's decision was clearly contrary to the common law of the shop and to the weight of authority and should, therefore, be vacated.

## I

Plaintiffs' first contention is that the arbitrator evidenced a definite partiality towards the Union within the meaning of 9 U.S.C. Section 10(b). In support of their claim of partiality, the plaintiffs allege that the arbitrator, "displayed a flagrant inattentiveness to the facts" and failed to require the Union to meet the burden of proof necessary to sustain its position.

Courts have found "evident partiality or corruption" within the meaning of Section 10(b) in cases where there were undisclosed business dealings between the arbitrator and a party to the arbitration. A leading case on this point is Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 89 S. Ct. 337, 21 L.Ed.2d 301 (1968), reh. den. 393 U.S. 1112, 89 S.Ct. 848, 21 L. Ed.2d 812. Courts have also found partiality where the arbitrator had either a personal or business interest in the outcome of the proceedings, or where a relationship other than a business relationship, existed between the arbitrator and a party to the arbitration. See Hyman v. Pottberg's Exrs., 101 F.2d 262 (2d Cir. 1939).

In other words, when a claim of partiality is made " . . . the court must ascertain from such record as is available whether the arbitrator's conduct was so biased and prejudiced as to destroy fundamental fairness . . . ", Catz American Co. v. Pearl Grange Fruit Exchange, Inc., 292 F. Supp. 549, 551–552 (S.D.N.Y.1968); see also, Ballantine Books, Inc. v. Capital Distributing Co., 302 F.2d 17 (2d Cir.

1962); Newark Stereotypers' Union v. Newark Morning Ledger Co., 397 F.2d 594 (3d Cir. 1968), cert. denied 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968); In re Compudyne Corp., 255 F. Supp. 1004 (E.D.Pa.1966); Transport Workers Union v. Philadelphia Transp. Co., 283 F.Supp. 597 (E.D.Pa.1968); Shopping Cart, Inc. v. Amalgamated Food Employees, 350 F.Supp. 1221 (E. D.Pa.1972). Something more than "mere error in the law or failure on the part of the arbitrators to understand or apply the law" must be shown by the party alleging partiality. Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967); Catz American Co v. Pearl Grange Fruit Exchange, Inc., supra; San Martine Compania De Navegacion, S.A. v. Saguenay Terminals, Ltd., 293 F.2d 796 (9th Cir. 1961). The record in the case here is devoid of any indicia of "evident partiality or corruption" requiring vacation of the award. Cities Service Oil Co. v. American Mineral Spirits Co., 22 F.Supp. 373 (S.D.N.Y. 1937); Stef Shipping Corp. v. Norris Grain Co., 209 F.Supp. 249 (S.D.N.Y. 1962); Fukaya Trading Co., S.A. v. Eastern Marine Corp., 322 F.Supp. 278 (E.D.La.1971).

## II

Plaintiffs next argue that the arbitrator exceeded his powers within the meaning of 9 U.S.C. Section 10(d). Generally, the courts, in considering the applicability of this objection to an award, have examined the arbitration agreement or other documents through which the parties agreed to arbitrate and have compared such agreement with the decision rendered. Ordinarily the complaining party must show that the arbitrator's award is contrary to the express language of the collective bargaining agreement, Amanda Bent Bolt Co. v. International U., U.A., A., A.T.W., 451 F.2d 1277, (6th Cir. 1971); Riko Enterprises, Inc. v. Seattle Supersonics Corp., 357 F.Supp. 521 (S.D.N.Y.1973); Timken Co. v. Local U. No 1123, United

Steelworkers of America, 482 F.2d 1012 (6th Cir. 1973); or that the arbitrator's award went beyond the issues submitted to him,[2] Orion Shipping and Trading Co. v. Eastern States Petroleum Corp., 312 F.2d 299 (2d Cir. 1963); Western Canada S.S. Co. v. Cia De Nav. San Leonardo, 105 F.Supp. 452 (S.D.N.Y.1952); or that the arbitrator had no power to grant a particular remedy. See, Structural Steel & Ornamental Iron Assoc. v. Shopmen's Local Union etc., 478 F.2d 848 (3d Cir. 1973); Swift Industries, Inc. v. Botany Industries, Inc., 466 F.2d 1125 (3d Cir. 1972); South East Atlantic Shipping Ltd. v. Garnac Grain Co., 356 F.2d 189 (2d Cir. 1966).

An analysis of the stipulated issue submitted to the arbitrator,[3] and the arbitrator's opinion and award reveals that the arbitrator decided the precise issue presented to him [4] and mandated a remedy which not only was within his power, but, in fact, had been stipulated to by the parties. Therefore, if the plaintiffs are to prevail they must demonstrate that the arbitrator's award is contrary to the express language of the collective bargaining agreement or that the arbitrator, instead of merely interpreting the collective bargaining agreement, added terms to the agreement.[5]

In this regard, plaintiffs contend that the arbitrator's award added to the agreement a "guaranteed overtime clause" and a "past practice clause" contrary to the manifest intention of the parties. Plaintiffs further contend that the arbitrator's award completely nullifies the express language of Article 21 —Rights of Management [6]—by limiting the company's right to operate its business in the most efficient manner possible.

---

2. The fact that the issue submitted to the arbitrator was arbitrable under the collective bargaining agreement is not contested by the plaintiffs. Article 20(a) of the collective bargaining agreement permits arbitration of any grievance as to the interpretation, application or alleged violation of the agreement.

3. The issue submitted to the arbitrator, as stipulated by the parties, was as follows:
"Whether the company improperly failed to 'call-in' the grievants for 'ship tie-up' on certain days and times? If so, what shall be the remedy?
The parties agree that if the answer is in the affirmative and a back pay remedy is awarded, the computation shall be referred back to the parties. However, if the parties cannot agree on the amounts, if any, it shall be resubmitted to the arbitrator for a final and binding determination."

4. The award of the arbitrator was as follows:
The company improperly failed to "call-in" the Grievants for "ship tie-up" on certain days and times. They shall be compensated for their loss of earnings due to this breach of contract. In accordance with the agreement of the parties, the computation of the back pay under the terms of this award is remanded to them, provided, however, that if they cannot agree on the amounts, that matter shall be resubmitted to the Arbitrator for a final and binding determination.

5. Article 20(b) of the collective bargaining agreement reads as follows: "(b) The deci-

sion of the neutral arbitrator selected pursuant to the rules of the Board shall be final and binding upon the parties, except that the arbitrator shall have no power to modify, add to, or amend the terms of this Agreement . . . ." See Torrington Co. v. Metal Products Workers, 362 F.2d 677, 680, 681, 682 (2d Cir. 1966); Brotherhood of R. R. Trainmen v. Central of Georgia Ry. Co., 415 F.2d 403, 411 (5th Cir. 1969), cert. den. 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1970); Local 342, United Automobile, Aerospace and Agricultural Implement Workers v. T.R.W., Inc., 402 F.2d 727, 730 (6th Cir. 1968), cert. den. 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969).

6. Article 21. Rights of Management.
"The Union recognizes and agrees that (i) the control of the Company's operation, (ii) the direction of the employees covered by this Agreement, (iii) the making and enforcing of rules and regulations for the operation of plant facilities, (iv) the right to hire, discipline, suspend or discharge for cause any employee, (v) the right, pursuant to the rules of seniority as hereinabove provided, to relieve employees from and assign employees to duties because of lack of work, are all among the sole prerogatives of the Employer; provided, however, that such rights shall not be used to discriminate against any member of the Union and such suspensions and discharges shall be subject to the grievance and arbitration procedures of this Agreement.

The approach courts are to follow in disputes arising under labor contracts containing arbitration clauses is outlined in the Steelworkers Triology: United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) (American); United Steel Workers v. Warrior and Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) (Warrior and Gulf); and United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960) (Enterprise).[7] In the latter decision the Supreme Court commented on the scope and limits of judicial review of an arbitrator's award (at 596, 80 S.Ct. at 1360):

"The refusal of the courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards."

The Court went on to note:

" . . . the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." Id. at 599, 80 S.Ct. at 1362.

On the other hand:

" . . . an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its es-

sence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." Id. at 597, 80 S.Ct. at 1361.

■ It is true that in this case the arbitrator's award is not premised simply on an interpretation of the express terms of the collective bargaining agreement. The arbitrator sought guidance from many sources in addition to the plain language of the agreement, including past history of the agreement, past practices of the company, the parties' interpretation of the agreement and the testimony of various witnesses. See, Willson H. Lee Co. v. New Haven Printing Pressmen, 248 F.Supp. 289 (D.C.Conn.1965). After considering all these criteria, the arbitrator found that the past practice of calling in the grievants for ship tie-up at specified times was a mutually agreed upon and binding past practice which could not be unilaterally terminated by plaintiffs. Plaintiffs argue that the past practice was discretionary in nature and the employer could unilaterally dispense with it.[8] The arbitrator's opinion and award clearly reflects the arbitrator's awareness of the distinction between a discretionary and binding past practice. The court does not find the arbitrator's decision to be in conflict with or contrary to the express terms of the collective bargaining agreement. While the arbitrator's award is not premised solely on the express terms of the collective bargaining agreement, it does draw its essence from an interpretation of that agreement. Enterprise, supra, 363 U.S. at 597, 80 S.Ct. 1358.

■ Plaintiffs' contention that the arbitrator exceeded his authority by adding terms to the collective bargaining agreement is premised on the assertion

---

7. A comprehensive annotation entitled "Construction and Application of Section 10 (a–d) of the United States Arbitration Act of 1947 (9 U.S.C. Sec. 10(a–d), Providing Grounds for Vacating Arbitration Awards", may be found in 20 ALR.FED. 295.

8. For a discussion on the differences between binding and discretionary past practices, see Burton Turkus' analysis in Shell Oil Co., 44 LA 1219, 1222, 1223. Also see Esso Standard Oil Company, 16 LA 73, Ford Motor Co., 19 LA 237.

that the arbitrator's interpretation of the law and facts was erroneous. As already noted, it is well established that arbitrator's construction of a contract and interpretation of the law and facts are not subject to judicial review. See, Burchell v. Marsh, 58 U.S. 344, 15 L.Ed. 96 (1854); Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); Kirschner v. West Co., 247 F.Supp. 550 (E.D.Pa.1965), aff'd 353 F.2d 537 (3d Cir. 1965), cert. den. 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208 (1966); Federal Commerce & Nav. Co. v. Kanematsu-Gosho Ltd., 457 F.2d 387 (2d Cir. 1972); see also, the *Steelworkers Triology, supra.* Therefore, the court finds that the arbitrator did not exceed his authority within the meaning of 9 U.S.C. Section 10(d).

### III

Plaintiffs' final contention is that the arbitrator's finding of a binding past practice in this case is clearly contrary to the common law of the shop and to most of the reported arbitration decisions. In addition to the grounds listed in 9 U.S.C. Section 10(a–d), courts have recognized that an award may also be vacated if it is in "manifest disregard" of the law. Possible conflict with the general principle that arbitration proceedings are not reviewable for errors of arbitrators in interpretations of the law has generally been resolved by adoption of the view that "manifest disregard" of the law means that the arbitrator correctly understood and set forth the applicable law, but proceeded to ignore it. See, San Martine Compania De Nav. v. Sanguenay Term. Ltd., *supra*; Sobel v. Hertz, Warner & Co., 469 F.2d 1211 (2d Cir. 1972); Saxis S.S. Co. v. Multifacs International Traders, Inc., *supra.* Although recognizing the possibility of an arbitration award for "manifest disregard of the law", the courts have been reluctant to vacate an award on this ground. Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805 (2d Cir. 1960), cert. denied 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960); Metal Products Workers Union v. Torrington Co., 242 F.Supp. 813 (D.Conn.1965); aff'd 358 F.2d 103 (2d Cir. 1966); Fukaya Trading Co. S. A. v. Eastern Marine Corp., *supra.*

■ An analysis of the arbitrator's opinion reveals that he was well aware of the applicable law and carefully weighed the arguments advanced by both the Union and the Company. Whether or not this court agrees with the arbitrator's interpretation or application of the law is immaterial, for the arbitrator's award does not indicate and the plaintiffs have failed to demonstrate that the arbitrator understood and correctly stated the law but proceeded to ignore it. See, Bell Aerospace Co. Div. of Textron, Inc. v. Local 516, International Union, 356 F.Supp. 354 (W.D.N.Y.1973).

Therefore, the plaintiffs' motion to vacate the arbitration award is denied and defendant's motion for summary judgment and to enforce the arbitration award is granted.

Defendant Union asks for interest on the arbitration award. This is not allowed.

Attorney's fees are also solicited to reimburse defendant's counsel.

■ The court is aware of its authority to award attorney's fees where it determines that a party has, without justification, refused to abide by the award of the arbitrator, International Union of Dist. 50, U.M.W. v. Bowman Transp. Inc., 421 F.2d 934 (5th Cir. 1970); Local No. 149 I.U., U.A., A. & A.I.W. v. American Brake Shoe Co., 298 F.2d 212 (4th Cir. 1962). However, the court is of the opinion that the plaintiffs presented a justiciable issue and therefore no attorney's fees will be awarded.

Costs will be assessed against the plaintiffs.

It is so ordered this 31st day of October, 1974.