CHAUFFEURS, TEAMSTERS, WARE-
HOUSEMEN AND HELPERS
LOCAL UNION NO. 135

v.

JEFFERSON TRUCKING COMPANY,
INC.

No. IP 78–216–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

July 27, 1979.

Richard G. McCracken of Fillenwarth & Fillenwarth, Indianapolis, Ind., for plaintiff.

William T. White, Jr., of Rocap, Rocap, Reese & Young, Indianapolis, Ind., and Barry L. Moon, Flint, Mich., for defendant.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on motions by plaintiff to strike affirmative defenses and for summary judgment and motion by defendant for leave to file motion to vacate an arbitration award. Plaintiff's complaint requests enforcement of an arbitration award rendered in favor of a union member who is an employee of defendant, which award has not been complied with by defendant. Jurisdiction over the claim is predicated upon 29 U.S.C. § 185.

As established by the complaint and other materials before the Court, the complaint is based upon the following facts. Plaintiff Teamsters Local 135 and defendant Jefferson Trucking Company were parties to a collective bargaining agreement which was in effect at the times material to the action. On October 19, 1977, Paul Nettleton, an employee of defendant represented by plaintiff, was discharged by defendant after being involved in an accident the previous day while driving equipment on the job. The written notice of discharge stated that "the accident is a major chargeable accident due to excessive speed for conditions." Thereafter, a grievance was filed by Nettleton and processed according to the agreement. Eventually, the Grievance Committee, whose awards are to be final and binding under the terms of the contract (Art. X § 4(d)), ordered Nettleton's reinstatement with back pay stating:

"It is the majority decision of this Committee based on the facts and evidence presented inasmuch as the company failed to site [sic] the specific Contract Article or rule violation as well as offense, the employee is to be reinstated with full seniority and paid for all time lost."

The reinstatement was ordered on November 17, 1977. Though plaintiff repeatedly demanded that defendant abide by the award, defendant has refused, bringing about the institution of this lawsuit for enforcement of the award. In addition, plaintiff alleges that defendant's conduct has been such that defendant should be required to pay plaintiff's reasonable attorney fees and costs for prosecuting the action.

Defendant has answered raising several affirmative defenses. These include contentions that the Grievance Committee award went outside the scope of the collective bargaining agreement, that the award was not final and therefore not reviewable, that plaintiff is guilty of unclean hands, that plaintiff is unentitled to relief because of the "arbitrary and discriminatory nature of the decision [of the Grievance Committee] in light of past practices of the Joint Committee. . . .," that the sought-after relief is not available at law and is barred by laches, and that defendant has been denied medical information needed to determine if Mr. Nettleton is fit to drive in accordance with ICC regulations.

In moving to strike defendant's affirmative defenses and for summary judgment, plaintiff advances several contentions. However, the crucial question before the Court is whether defendant, the unsuccessful party at arbitration, who did not move to vacate the disfavorable award within ninety days as required under Indiana law or within three months as required by federal statute, may now raise contentions, which it could have raised as grounds to vacate in such a motion, as affirmative defenses in the instant suit to enforce the

award, which suit was filed after the three-month and ninety-day periods but within the time limits set for filing a suit to enforce or confirm an award.

Plaintiff argues basically that the raising of these defenses, no matter how meritorious, is barred by the short statute of limitations on motions to vacate arbitration awards. Plaintiff contends that federal labor policy encourages the use of the arbitration and award procedure to provide speedy final resolutions to labor problems and that a short statute of limitations for moving to vacate awards serves this federal policy. Plaintiff further contends that the speed and finality policies would be frustrated considerably if the loser in arbitration could refuse to comply with the award, sit back idly until the statute of limitations ran on bringing a motion to vacate, and then raise all his defenses anyway if a suit to enforce the award were filed by the other party.

In opposition, defendant advances the argument that since plaintiff contends that the statute of limitations contained in the Indiana Arbitration Act is applicable rather than that contained in the Federal Arbitration Act, an Indiana provision "tolling" the statute of limitations must also be applied. Defendant draws the tolling provision it contends should apply from Indiana Trial Rule 13(J)(1), which defendant maintains allows a defendant to avail himself of a setoff or counterclaim by way of defense even though a claim would otherwise be barred.

Where a federal statute such as 29 U.S.C. § 185 contains no statute of limitations, the federal court shall, as a matter of federal law, select the state statute of limitations most appropriate to the type of action. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–5, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Canada v. United Parcel Service, Inc.*, 446 F.Supp. 1048 (N.D.Ill.1978). Since the present complaint seeks enforcement of an arbitration award, the most appropriate Indiana statute would seem to be contained in sections of the Indiana Code concerning arbitration. I.C. 34–4–2–13 states:

"(a) Upon application of a party, the court shall vacate an award where: (1) The award was procured by corruption or fraud . . . , (2) there was evident partiality by an arbitrator . . . or corruption . . . , (3) the arbitrators [exceeded] their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted . . . .

(b) An application under this section shall be made within ninety [90] days after the mailing of a copy of the award to the applicant, except that, if predicated upon corruption or fraud or other undue means, it shall be made within ninety [90] days after such grounds are known or should have been known. . . .

\*  \*  \*  \*  \*  \*

(d) If the application to vacate is denied and no motion to modify or correct the award is pending [which motion must also be made within ninety days of the mailing of the award] the court shall confirm the award."

I.C. 34–4–2–12 states:

"Upon application of a party, but not before ninety [90] days after the mailing of a copy of the award to the parties, the court shall confirm an award, unless within the time limit hereinafter imposed [in 34–4–2–13 quoted above] grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13 and 14 [34–4–2–13, 34–4–2–14] of this act. Upon confirmation, the court shall enter a judgment consistent with the award and cause such entry to be docketed as if rendered in an action in said court."

Though the language of the Indiana statute seems to quite clearly state that grounds such as those defendant urges as defenses must be raised within ninety days in a motion to vacate and the court "shall confirm" if they are not, defendant argues that cases under 9 U.S.C. § 9 *et seq.*, and cases from other jurisdictions under arbitration statutes similar to the one in Indiana

do not support that interpretation of the Indiana statute. In addition, defendant argues that even if the above interpretation of the statute is correct, since under *Hoosier Cardinal* the federal court must apply the most appropriate state statute of limitations due to the absence of a stated statute of limitations in the federal statute, the court must also apply state provisions which would toll the Indiana statutes of limitation, citing *Johnson v. REA*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In this case defendant urges the court to apply as a tolling provision Indiana Trial Rule 13(J)(1) which reads:

> "The statute of limitations, a nonclaim statute or other discharge at law shall not bar a claim asserted as a counterclaim to the extent that:
>
> (1) it diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or it could have been asserted as a counterclaim to the opposing party's claim before it (the counter-claim) was barred."

▪ Indiana Trial Rule 13(J)(1) will not save defendant from the operation of the limitations periods in I.C. 34–4–2–13(b) and (d) and I.C. 34–4–2–12 for several reasons. First, it cannot be said that this rule is a tolling provision in the usual sense of the word, that is, Trial Rule 13(J)(1) does not interrupt the running of the limitations period. It was this latter type of tolling provision which was referred to in *Johnson v. REA* when the court stated that "Any period of limitation . . . is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. . . . In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto . . . ." *Id.,* 421 U.S. at 463–4, 95 S.Ct. at 1722.

Rather than being a tolling provision which *Johnson* indicates should be adopted under certain circumstances with the state statute of limitations, Indiana Trial Rule 13(J)(1) is really an Indiana procedural rule, which is obvious from the fact it is contained in the Indiana Trial Rules. It is elementary that federal procedure controls in federal courts.

▪ Some federal cases indicate that a counterclaim arising out of the transaction or occurrence on which the action is founded may be asserted despite the bar of a statute of limitations if it is asserted for purposes of recoupment. However, such a counterclaim is not permitted if it is a claim for affirmative relief. *See, e. g., Nalley v. McClements,* 295 F.Supp. 1357 (D.Del.1969). In the instant case, although defendant does not style its answer as a counterclaim, it is attempting to raise as defenses items which really constitute a request for affirmative relief, namely, vacation of an arbitration award. Therefore, even though Indiana Trial Rule 13(J)(1) seems to have a counterpart in federal decisional law, this does not aid defendant.

Even if defendant were correct in stating that *Johnson* mandates the use of the Indiana Trial Rule as a tolling provision, *Johnson* further states that "considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration." *Id.,* 421 U.S. at 465, 95 S.Ct. at 1722.

There is considerable indication that federal policy favors the use of bargained-for arbitration to settle labor disputes and favors court intervention only under very limited situations. Under the teachings of the famous *Steelworkers Trilogy,* a federal court, at the pre-arbitration stage, may not do more than pass on the issue of arbitrability, *Steelworkers v. Amer. Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1959), resolving all doubts in favor of arbitrability, *Steelworkers v. Warrior and Gulf Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1959). Post-arbitration review is limited to a determination of whether the arbitrator's award is susceptible of the interpretation that it had its basis in the contract. *Steelworkers v. Enterprise Wheel and Car*

*Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1959).

Thus, it is an understatement to say that arbitration is a favored method of resolving labor disputes. Another indicia of the federal pro-arbitration policy is the application by the courts of the short periods allowed in the federal and state arbitration acts for moving the courts to vacate an award. The reason for these short periods for motions to vacate is to accord the arbitration award finality so that the parties who contracted for the use of arbitration get the benefit of what they bargained for—speedy resolution of disputes so that their business may go forward. *See, e. g., Hill v. Aro Corp.*, 275 F.Supp. 482, 487 (N.D.Ohio 1967); *Emporium Area J. S. A. v. Anundson Constr. & Bldg. Supply Corp.*, 402 Pa. 81, 166 A.2d 269 (1961).

■ This policy would seem to condemn what defendant has done here, namely, ignore an award disfavorable to it, fail to abide by it and fail to move to vacate it and then ask to be given its day in court when plaintiff brings suit in frustration to have the arbitration award enforced. If defendant's defenses were of vital importance to it, it had an opportunity to raise them. Since it failed to do so earlier, the language of the Indiana statute clearly requires the court to grant confirmance of the award. Though many cases were cited by both sides involving the timeliness of motions to vacate, the logic of which would apply in this case, fewer cases are on all fours factually with this case. Two cases which do squarely address the point raised here concluded that a defendant may not assert, after the statute of limitations had run on a motion to vacate, grounds which could have been raised in such a motion as defenses to a suit for enforcement. *Component Systems, Inc. v. Murray Enterprises*, 300 Minn. 21, 217 N.W.2d 514, 516 (1974); *Textile Workers Union v. Uncas Printing and Finish. Co.*, 20 Conn.Sup. 91, 125 A.2d 236, 239–40 (1956).

■ Defendant cites several cases to support the position that it may now raise as defenses contentions concerning the arbitrator's authority which could have been raised on a motion to vacate. Most of the cases defendant cites which appear to support its position rely on language from the case of *The Hartbridge*, 57 F.2d 672 (2d Cir.), *cert. denied*, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1932). The language quoted from this case by defendant and by the courts in cases which rely on *Hartbridge* is taken out of context and cannot be used to support defendant's position. A careful reading of the facts in *Hartbridge* shows that a motion to confirm the arbitration award was made within one month of the award. In that context, the court indicated that a motion to vacate could still be timely filed within the three-month period, even though filed after the motion to confirm. The case which defendant seems to rely most heavily on, *Riko Enterprises v. Seattle Supersonics Corp.*, 357 F.Supp. 521 (S.D.N.Y.1973), did indeed allow the consideration of a motion to vacate after the three-month period had run when the opponent filed a suit to confirm the award, but the *Riko* court relied on the language taken out of context from *Hartbridge*.

■ Thus, it seems consistent with federal labor policy concerning arbitration awards and with cases applying the short statutes of limitations contained in most arbitration statutes to find that defendant is time-barred from raising its defenses at this point. In addition, for the same policy reasons, the Indiana Arbitration Act clearly indicates the court must confirm the award. Thus defendant's defenses will be stricken and plaintiff's motion for summary judgment granted since no issues remain. It is also clear that defendant's motion for leave to file a motion to vacate must be denied due to the late date of its filing.

■ One final matter remains to be considered concerning the rendering of summary judgment. Plaintiff requests an award of costs and attorney fees. When a challenge to an arbitration decision is "without justification," costs and attorney fees are awardable but if there is a sincere question as to the validity of the arbitration award, an award of such items is inappropriate.

*Intern. Ass'n of Machinists v. Texas Steel Co.*, 538 F.2d 1116 (5th Cir. 1976). Since defendant did here have case law to support its position, the Court finds that the challenge was sincere and therefore, no award of costs and fees will be made.

By reason of the foregoing, the Court concludes:

(1) that plaintiff's motion to strike defendant's affirmative defenses is GRANTED;

(2) that plaintiff's motion for summary judgment in favor of plaintiff based on the absence of factual questions is GRANTED;

(3) that defendant's motion for leave to file motion to vacate the Joint Committee Award is DENIED.

IT IS SO ORDERED.