SHEARSON HAYDEN STONE,
INC., Plaintiff,

v.

Paul LIANG, Defendant.

No. 79 C 2241.

United States District Court,
N. D. Illinois, E. D.

June 30, 1980.

Thomas M. Knepper, Abramson & Fox, Chicago, Ill., for plaintiff.

Ronald Wilder, Schiff Hardin & Waite, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on a motion for partial summary judgment on count I of the counterclaim and a motion to dismiss the complaint by the defendant Paul Liang ("Liang") and a motion to dismiss the counterclaim by the plaintiff Shearson Hayden Stone, Inc. ("Shearson"). After Shearson's complaint was filed, Liang simultaneously filed a motion to dismiss Shearson's complaint, a counterclaim, and a motion for partial summary judgment on count I of the counterclaim. Shearson then filed a motion to dismiss the counterclaim but did not respond to the motion for partial summary judgment. Since the complaint and count I of the counterclaim arise out of the same occurrence, the court construes Liang's motion for partial summary judgment as a motion for summary judgment on both the complaint and count I of the counterclaim. Accordingly, for the reasons set forth below, the court denies Liang's motion to dismiss the complaint but grants Liang's motion for summary judgment on the complaint and count I of the counterclaim. In addition, the court denies Shearson's motion to dismiss count I of the counterclaim, but grants Shearson's motion to dismiss counts II and III of the counterclaim.

Liang was an employee of Shearson from 1976 to 1978. The employment was terminable at will and upon termination by Shearson, Liang instituted an arbitration proceeding against Shearson before the New York Stock Exchange pursuant to the following arbitration provision agreed to by Shearson and Liang:

I agree that any controversy between me and any member or member organization or affiliate or subsidiary thereof arising out of my employment or the termination of my employment shall be settled by arbitration at the instance of any such party in accordance with the arbitration procedure prescribed in the Constitution and Rules then obtaining of the New York Stock Exchange, Inc.

Subsequent to the conclusion of the arbitration proceeding, the arbitrators entered an award in favor of Liang for $50,000. Shearson filed a complaint with this court requesting vacation of the award alleging that the award: (1) does not draw its essence from the contract between Shearson and Liang; (2) is in manifest disregard of the law; (3) is fundamentally irrational; and (4) was procured by undue means. In addition, Shearson alleges that the arbitrators exceeded their powers in granting the award. Finally, Shearson also alleges that the award must be vacated because of fraud in that evidence was discovered subsequent to the arbitration proceeding which shows that Liang was president of Liang Insurance Agency and Investments, Inc., an Illinois corporation, at the time that Liang filled out Shearson's employment questionnaire stating only that he was part owner of Festival Theatre, Inc. Liang filed a counterclaim against Shearson asking for confirmation and specific enforcement of the arbitration award. Liang further alleges defamation by Shearson during the arbitration proceeding where Shearson allegedly stated that Liang was terminated because he was exhibiting "pornographic" movies and that Shearson intentionally sought to remove Liang as a securities representative and solicited Liang's customers, asking for actual and punitive damages and attorney's fees.

## LIANG'S MOTION TO DISMISS THE COMPLAINT

In determining whether a motion to dismiss should be allowed, the well-pleaded material allegations of fact must be taken as true. 2A *Moore's Federal Practice* ¶ 12.08 at 2267 (2d ed. 1979). Furthermore, a complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Id.* at 2274. In this case, the complaint cannot be dismissed unless it appears to a certainty that Shearson could not have the arbitration award vacated under any state of facts alleged in the complaint. Accordingly, a brief review of the applicable law and grounds for vacating an arbitration award is warranted.

■ The first inquiry is whether the United States Arbitration Act, 9 U.S.C. § 1 (1976), is applicable to this case. The Act governs all written arbitration agreements arising from, among other things, a contract "evidencing a transaction involving commerce." *Id.* § 2. Interstate commerce is a necessary basis for application of the United States Arbitration Act, and a contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. *Pawgan v. Silverstein*, 265 F.Supp. 898, 901 (S.D.N.Y.1967).

■ The contract between a New York Stock Exchange brokerage firm and its employee is a contract involving interstate commerce governed by the Act. *Stokes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 523 F.2d 433, 436 (6th Cir. 1975); *Fox v. Merrill Lynch & Co.*, 453 F.Supp. 561, 564 (S.D.N.Y.1978); *Macchiavelli v. Shearson, Hamill & Co.*, 384 F.Supp. 21, 30 (E.D.Cal. 1974); *Legg, Mason & Co. v. Mackall & Coe, Inc.*, 351 F.Supp. 1367, 1370 (D.D.C.1972); *Dickstein v. duPont*, 320 F.Supp. 150, 152 (D.Mass.1970), *aff'd*, 443 F.2d 783 (1st Cir. 1971). Once a dispute is covered by the Act, federal law applies to all questions regarding validity and enforceability. *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1211 (2d Cir.), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972); *Romnes v. Bache & Co.*, 439 F.Supp. 833, 838 (W.D.Wis.1977). Thus, the United States Arbitration Act, rather than state arbitration law, governs in this case.

Under federal arbitration law, a federal court may vacate an arbitration award *only* under the specific grounds set forth in the statute:

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators . . . .

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or . . . hear evidence . . . .

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10 (1976). *See Bell Aerospace Co. v. Local 516, International Union AAW,* 500 F.2d 921, 923 (2d Cir. 1974); *I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 429–30 (2d Cir. 1974); *Saxis S.S. Co. v. Multifacs International Traders, Inc.,* 375 F.2d 577, 581 (2d Cir. 1967); *Oceania Shipping Corp. v. Thos. P. Gonzalez Corp.,* 442 F.Supp. 997, 999 (S.D.N.Y.1977); *Kirschner v. West Co.,* 247 F.Supp. 550, 552 (E:D.Pa.), *aff'd per curiam,* 353 F.2d 537 (3d Cir. 1965), *cert. denied,* 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208 (1966); *see also Wilko v. Swan,* 346 U.S. 427, 436 n. 22, 74 S.Ct. 182, 187 n. 22, 98 L.Ed. 168 (1953).

■ Applying these specific grounds to the complaint, Shearson has not alleged any partiality or misconduct regarding the conduct of the hearing on the part of the arbitrators. Thus, the only statutory grounds which might be applicable to Shearson's allegations regarding the award are: (a) the award was procured by corruption, fraud, or undue means or (d) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award was not made. In counts I and II of the complaint, Shearson alleges that the award does not draw its essence from the contract between Shearson and Liang since there was no evidence in the arbitration proceeding showing that Shearson had interfered with Liang's future employment or that Liang's employment with Shearson was not terminable at will. According to Shearson, this makes the award fundamentally irrational, in manifest disregard of the law, and procured by undue means. In addition, Shearson alleges that good cause was not necessary to terminate Liang and, even assuming *arguendo* that good cause was necessary, the evidence before the arbitrators showed good cause. In count III of the complaint, Shearson alleges that the arbitration award must be vacated since Shearson discovered, subse-

quent to the arbitration proceeding, that Liang is president of an Illinois corporation. Liang had responded to the Shearson employment questionnaire that his only outside affiliation was part owner of Festival Theatre, Inc.

Based upon the allegations in the complaint, Shearson does allege the specific grounds necessary for vacating an arbitration award under 9 U.S.C. § 10 (1976). Accordingly, Liang's motion to dismiss the complaint is denied.

## LIANG'S MOTION FOR SUMMARY JUDGMENT

As previously stated, the court construes Liang's motion for partial summary judgment as a motion for summary judgment on both the complaint and count I of the counterclaim. According to Fed.R.Civ.P. 56(c), summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■ Taking Shearson's various allegations and applying them to the specific grounds for vacating an arbitration award under 9 U.S.C. § 1 (1976), the allegation regarding good cause for termination is not a proper inquiry for this court. The court can vacate the award only under the specific grounds in 9 U.S.C. § 10 (1976) and cannot set aside an arbitration award on the grounds of erroneous finding of fact or misinterpretation of the law. *Amicizia Societa Navegazione v. Chilean .Nitrate & Iodine Sales Corp.,* 274 F.2d 805, 808 (2d Cir.), *cert. denied,* 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). Thus, Shearson's allegations regarding good cause do not constitute valid grounds for vacating the arbitration award.

■ Regarding the allegation that the award does not draw its essence from the contract between Shearson and Liang since there allegedly was no evidence in the arbi-

tration proceeding that Shearson had interfered with Liang's future employment or that the employment was anything other than terminable at will, this does not constitute grounds for vacation under 9 U.S.C. § 10 (1976). While the phrase "draw its essence from the contract" does not appear in section 10, the courts have used the phrase in the context of section 10(d) as an instance where the arbitrators have exceeded their powers. *Local 771, I.A.T.S.E. v. RKO General, Inc.*, 546 F.2d 1107, 1113 (2d Cir. 1977); *Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125, 1131 (3d Cir. 1972); *see also United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). "Draw its essence from the contract," however, has been construed by the courts to encompass only those instances where an arbitrator has granted relief or a form of award not included in the arbitration agreement. *See Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125, 1132–33 (2d Cir. 1972). In this case, however, the arbitrators' award of $50,000 was well within the arbitration agreement between Shearson and Liang. Thus, the award does not come under section 10(d) as arbitrators exceeding their powers by making an award which does not draw its essence from the contract.

 Shearson also alleges that the award, absent the evidence of interference with future employment or that the employment was not terminable at will, is fundamentally irrational and is in manifest disregard of the law. Again, while the phrases "fundamentally irrational" and "in manifest disregard of the law" do not appear in section 10 as grounds for vacating an arbitration award, the courts have used these phrases in the context of section 10(d) as instances where the arbitrators have exceeded their powers. *See I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424, 430–31 (2d Cir. 1974); *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir.), *cert. denied*, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). "Manifest disregard of the law" and "fundamentally irrational"

mean the failure to decide in accordance with the relevant provisions of the law and *not* an error in the interpretation of the law. *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953); *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424, 430–31 (2d Cir. 1974); *San Martine Compania de Navegacion v. Saguenay Terminals, Ltd.*, 293 F.2d 796, 801 n. 4 (9th Cir. 1961). There must be something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law. *Drayer v. Krasner*, 572 F.2d 348, 352 (2d Cir.), *cert. denied*, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791 (1978); *Saxis S.S. Co. v. Multifacs International Traders, Inc.*, 375 F.2d 577, 581–82 (2d Cir. 1967); *San Martine Compania de Navegacion v. Saguenay Terminals, Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961); *see also Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972); *Swift Industries, Inc. v. Botany Industries, Inc.*, 466 F.2d 1125, 1131–32 (3d Cir. 1972). In the case at hand, there was no failure by the arbitrators to decide in accordance with relevant provisions of the law. Thus, the award was not in "manifest disregard of the law" or "fundamentally irrational" under section 10(d) and cannot be vacated on those grounds.

 Shearson also alleges that the award was procured by undue means under section 10(a) of the Act because of no evidence regarding lack of good cause or that Liang's employment was terminable at will. "Undue means," in the context of section 10(a) of the Act, has not been defined by the courts. The courts, however, appear to interpret "undue means" in conjunction with terms "corruption" and "fraud" found in section 10(a) and thus "undue means" requires some type of bad faith in the procurement of the award. *See Drayer v. Krasner*, 572 F.2d 348, 352 (2d Cir.), *cert. denied*, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791 (1978); *Kirschner v. West Co.*, 247 F.Supp. 550, 553 (E.D.Pa.), *aff'd per curiam*, 353 F.2d 537 (3d Cir. 1965), *cert. denied*, 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208 (1966). In the case at hand,

Shearson merely alleges "undue means" in the context of the evidence regarding good faith and the type of employment presented at the arbitration proceeding, without any specific allegations that there was bad faith, fraud, or corruption as to such evidence. Thus, the award was not procured by undue means and cannot be vacated on this ground under section 10(a) of the Act.

Shearson's final claim for relief is based upon fraud under section 10(a) of the Act alleging that Liang failed to disclose to Shearson that he was the president of an Illinois corporation when Liang completed Shearson's "outside affiliation" questionnaire. Shearson attempts to rely upon this newly discovered evidence to vacate the award under section 10(a). As such, Shearson must be able to show that it could not have discovered the evidence prior to the arbitration proceeding. *Kirschner v. West Co.*, 247 F.Supp. 550, 553 (E.D.Pa.), *aff'd per curiam*, 353 F.2d 537 (3d Cir. 1965), *cert. denied*, 383 U.S. 945, 86 S.Ct. 1202, 16 L.Ed.2d 208 (1966); *Karpinen v. Karl Kiefer Machine Co.*, 187 F.2d 32, 35 (2d Cir. 1951). Shearson has not shown in its pleadings that Liang's other employment could not have been discovered prior to the arbitration proceeding. In fact, Liang's affiliation was on file with the Illinois Secretary of State's office as a matter of public record. Thus, Shearson may not rely upon the newly discovered evidence to vacate the award under section 10(a). Even assuming that the evidence could not have been discovered prior to the arbitration proceeding, the courts have not permitted newly discovered evidence which directly contradicts the evidence presented during the arbitration proceeding to be used to set aside the arbitration award. *Washington-Baltimore Newspaper Guild Local 35 v. Washington Post Co.*, 442 F.2d 1234, 1238–39 (D.C.Cir. 1971); *Bridgeport Rolling Mills Co. v. Brown*, 314 F.2d 885, 886 (2d Cir. 1963) (per curiam). In any case, Shearson did not know of the other affiliation at the time it terminated Liang and thus could not have used it as a basis for termination. Rather,

the basis of the termination and subsequent arbitration proceeding was Liang's affiliation with the movie theatre, not his affiliation with the Illinois insurance corporation.

Therefore, there is no genuine issue as to any material fact with regard to the complaint, and Liang is entitled to judgment as a matter of law. Accordingly, Liang's motion for summary judgment on the complaint and count I of the counterclaim is granted.

## SHEARSON'S MOTION TO DISMISS COUNTS II AND III OF THE COUNTERCLAIM

Liang alleges in count II of his counterclaim that Shearson, through its agents and representatives, made false and defamatory statements during the arbitration proceeding that Liang was discharged because he was exhibiting "pornographic" movies. The alleged defamation in this case comes under the absolute defense of privilege granted to parties who testify before a judicial proceeding.* *Ginsburg v. Black*, 192 F.2d 823, 824 (7th Cir. 1951), *cert. denied*, 343 U.S. 934, 72 S.Ct. 770, 96 L.Ed. 1342 (1952); *Weiler v. Stern*, 67 Ill.App.3d 179, 181, 23 Ill.Dec. 855, 856, 384 N.E.2d 762, 763 (1978); *Wahler v. Schroeder*, 9 Ill. App.3d 505, 507, 292 N.E.2d 521, 523 (1972); *see generally* W. Prosser, *Handbook of the Law of Torts*, 777–80 (4th ed. 1971). Thus, count II of Liang's counterclaim is dismissed.

Count III of Liang's counterclaim, aside from merely realleging counts II and III, appears to ask for damages, costs, and attorney's fees based upon Shearson's failure to abide by the arbitration award. Damages beyond the specific enforcement of the arbitration award are not provided for under the Act. A subsequent cause of action for damages for failure to abide by the award would appear to contravene the purpose of the Act to reach a final settlement through arbitration. Thus, no damages may be awarded in this case.

---

* Shearson's defense of truth is inapplicable under the facts of this case.

Costs and attorney's fees, however, have been awarded in such arbitration cases where a party refused "without justification" to abide by the arbitration award. *National Association of Letter Carriers v. United States Postal Service*, 590 F.2d 1171, 1179 (D.C.Cir.1978); *Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co.*, 473 F.Supp. 1255, 1259–60 (S.D.Ind.1979). Attorney's fees and costs are not awarded, however, unless there is clear evidence that all legal precedent is on the side of the other party. *Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 135 v. Jefferson Trucking Co.*, 473 F.Supp. 1255, 1259–60 (S.D.Ind.1979); *Western Electric Co. v. Communication Equipment Workers, Inc.*, 409 F.Supp. 161, 179 (D.Md.1976), *aff'd per curiam*, 554 F.2d 135, 138 (4th Cir. 1977); *Amerada Hess Corp. v. Local 22026, Federal Labor Union*, 385 F.Supp. 279, 284 (D.N.J. 1974). In the case at hand, while it now is clear that Shearson must abide by the arbitration award, Shearson did not refuse "without justification" to abide by the arbitration award and there was at least arguable legal precedent in favor of Shearson's position. Therefore, attorney's fees and costs are denied and count III of the counterclaim is dismissed.

Accordingly, Liang's motion to dismiss the complaint is denied, Liang's motion for summary judgment on the complaint and count I of the counterclaim is granted, and Shearson's motion to dismiss counts II and III of the counterclaim is granted.

It is so ordered.